Livingston, J.
delivered the opinion of the court. Without denying the right of courts to withdraw a juror in criminal causes, and put the defendant on his trial a second time, it is evident this power should not be lightly used, but confined as much as may be to cases of very urgent necessity, where, by the act of God, or by some sudden and unforeseen accident, it is impossible to proceed without manifest inj ustiee to the public, or the defendant himself. We do not mean, at present, to define all, or any of the cases in which this practice may be pursued, but we all agree that a defendant ought, in no case, to be put on a second trial for the same offence, where a juror has been discharged’on no other ground than because the public prosecutor found himself unable to proceed for the want of sufficient testimony to convict, and where this inability* was the consequence of his not taking the necessary measures to obtain it. To discharge a juror, under such circumstances, would be liable to great abuse and oppression. If the prosecutor disliked the jury, Or some of them, or hoped to find the defendant less prepared at a future day, or wished, unnecessarily, to harass him, he might, at any time, attain his end if, *by solely alleging the want of proof, after a jury were sworn, he could get rid of them. It will be much better that the guilty now and then escape, in this way, than to introduce, or sanction, a practice which may place the innocent entirely in the power of a court, or a public prosecutor, which this mode of trial was intended to guard against. It will be recollected there was no improper practice here, on the part of the defendants, or any tampering with witnesses to keep them out of the way. In saying they were ready for trial the defendants told no more than the truth ; but such declaration could not have obliged them to produce a paper against thems'elves, and which it does not appear they had with them. We are, therefore, of opinion, that the court below ought not to proceed to judgment on this conviction, but discharge the defendants.
It is proper to take notice of our opinion in this case, in August term last, and which differs from the one now given.
The question appears, at that time, to have been sub mitted ex parte, and without any intimation of th£ particular circumstance under which the juror was withdrawn. On the statement then made, which must have been very incorrect, we only meant to say' that there were cases in which a party might' be tried a second time, after a discharge of the first jury; but not that this rule was universal *309 and liable to no exceptions. To dismiss a jury, merely because there be not testimony sufficient to convict, with a view to another trial, falls within the reason of none of the authorities which have been cited, and if we had known as much of this case then, as has been disclosed now, we could hardly have hesitated in pronouncing the second trial of these defendants irregular.
THOMPSON, J.
The case does not state the facts which took place at the trial. It appears permission was given to withdraw a juror. An application was made for that purpose, and some arguments urged as to the propriety of the measure. I advised an acquiescence, in consequence of which I considered then, as I do now, that this should come up as a case by consent to settle the point.
Judgment arrested.