## AH KING, PLAINTIFF IN ERROR, v. THE PEOPLE OF THE STATE OF NEW YORK, DEFENDANTS IN ERROR.

*Bigamy — indictment — where may be found — Special plea — how reviewed — when prisoner has been put in jeopardy within the meaning of the constitutional provision.*

Under the provisions of section 10 of 3 Revised Statutes (5th ed.), 968, providing that an indictment for bigamy may be found in the county where the prisoner is apprehended, the actual arrest, before indictment found, gives jurisdiction; nor will a subsequent escape or discharge on bail destroy such jurisdiction when once acquired.

Where issue has been joined upon a special plea, interposed by the prisoner, and a verdict against him rendered thereon, such preliminary trial cannot be reviewed by a writ of error to review his subsequent conviction and trial upon the merits, after a plea of not guilty entered by order of the court.

After the trial had commenced, it being discovered that the prisoner had not been arraigned or asked to plead to the indictment, he was arraigned, and the indictment read to him. The prisoner objected to any further proceedings, which objection having been overruled, he pleaded not guilty, and again objected to any further proceedings; whereupon the court discharged the jury. *Semble*, that the irregularity was of such a character as to justify the court in the exercise of its discretion in discharging the jury; that such discharge was with the implied assent of the defendant, and that such partial trial did not constitute legal jeopardy, whereby he was exempted from further prosecution upon the same indictment.

In this State a prisoner is considered in jeopardy when he has been arraigned and pleaded to a valid indictment, a witness has been sworn and evidence given, and then, without his consent, a juror has been withdrawn or the jury discharged. (Per BOARDMAN, J.)

WRIT of error by the plaintiff in error, to review his trial and conviction at the Rensselaer Court of Sessions.

*L. W. Rhodes*, for the plaintiff in error.

*Jno. C. Greene*, district attorney, for the defendants in error.

BOARDMAN, J. :

The defendant was indicted in Rensselaer county for bigamy, in having married in Washington county while the wife of a former marriage was still living, etc. The indictment also alleged the apprehension of defendant in Rensselaer county, on the 23d day of March, 1875. The second marriage was on the twelfth March, and the indictment was preferred against defendant on the 26th March, 1875. After defendant's arrest, March twenty-third, he escaped from the officer and was rearrested in Vermont, on the twenty-sixth March. It is objected that the Rensselaer courts had no jurisdiction to indict under these facts.

The statute (3 R. S. [5th ed.], 968, § 10) provides that an indictment may be found "in the county in which such person shall be apprehended," etc. The actual arrest, before indictment found, gives jurisdiction; the escape does not take it away; nor would discharge on bail destroy jurisdiction once acquired. If apprehended in the county where the indictment is afterward found, he may be there tried as if the offense had been committed there. The evidence that defendant was arrested in Rensselaer county is sufficient to satisfy the statute. Whether the warrant was valid or void is immaterial, so long as an officer of the county arrested the defendant for a criminal offense of this character. The officer had authority to make such arrest at his peril. If defendant is not guilty of the crime charged, he may test the right of the officer to arrest him by action.

After the trial of the defendant upon the indictment had gone on some time, it was discovered that the defendant had not been arraigned or asked to plead to the indictment. The defendant was then arraigned and the indictment read to him. The defendant objected to any further proceedings being taken. The objection was overruled, and on request the defendant plead not guilty. The defendant again objected to any further proceedings, and the court thereupon discharged the jury.

Afterward, upon a further prosecution of defendant under said indictment, he interposed a special plea, setting up the former impanneling, trial and discharge of jury, as a bar to further trial. The issue so formed by this plea was tried, and, by direction of the court, the jury rendered a verdict against such plea, to which

defendant excepted. No formal judgment seems to have been made or entered upon the trial of such special plea. It is now attempted to review such trial in connection with, and as a part of, the subsequent trial of the defendant upon the merits, after a plea of not guilty entered by order of the court. I am of the opinion that we cannot review such preliminary trial, after a trial upon the merits, upon this writ of error and return. Both parties desire the opinion of this court as to the effect of such partial trial and discharge of the jury. Though the question is not before us, we express the opinion that the irregularity was of such a character as to justify the court in the exercise of its discretion in discharging the jury; that such discharge was with the implied assent of the defendant, who objected to any further proceedings in the case; that such partial trial without arraignment or pleading, and such discharge of the jury, so irregularly impanneled, upon the objection of the defendant to any further proceedings in the case, do not constitute legal jeopardy whereby the defendant was exempted from further prosecution upon the same indictment. What constitutes legal jeopardy has led to much discussion and diverse constructions. By most courts the constitutional provisions forbidding that any person be subject for the same offense to be twice put in jeopardy (U. S. Const., art. 5, of amendts.; N. Y. Const., art. 1, § 6) are construed to mean nothing more than the common-law rule as applied in the plea of *autre fois acquit*. In such construction there must have been a final verdict of conviction or acquittal upon a valid indictment. Such is the rule in the United States courts (*U. S.* v. *Gibert,* 2 Sumn., 41); in Massachusetts (*Com.* v. *Bowden,* 9 Mass., 494); in New York (*Shepherd* v. *People,* 25 N. Y., 406); and in many other States, as may be seen by reference to 1 Wharton American Criminal Law, sections 582–587. In other courts and in other States a very technical rule is adopted. A prisoner is held to have been once in jeopardy if a jury has been impanneled and discharged, or allowed to separate before or without a verdict. (Whart., §§ 573–580.) I think that our courts have not gone beyond this: that a prisoner is once in jeopardy when he has been arraigned and pleaded to a valid indictment, a jury has been sworn, and evidence given, and then, without his consent, a juror has been withdrawn or (which is the same thing) the jury

discharged. (*People* v. *Barrett*, 2 Cai., 304.) By this decision it was properly held that the people could not put off the trial of a case, after it had once properly begun, without the prisoner's consent. The case under consideration was not such an attempt. If the arraignment of the prisoner and his plea to the indictment were essential to a valid conviction upon the trial begun, then the court below was right in treating all that had occurred as worthless and unlawful, and in discharging a jury never legally impanneled. Where, by reason of any defect, a motion in arrest would prevail, the prisoner has not been in peril. (Whart., § 587; *Shepherd* v. *People*, *supra*, 417.)

If the irregularity was not fatal to any conviction that might be had, and the prisoner yet insisted upon the defect and objected to further proceedings upon the trial, that was equivalent to asking for the discharge of the jury and consenting thereto. The general opinion is, that the consent of the prisoner to the discharge of the jury will obviate any objection founded on his constitutional privilege. (*U. S.* v. *Perez*, 9 Wheat., 579; Whart., § 591 and notes.)

The defendant is indicted for bigamy, and the evidence of his guilt is overwhelming. In fact, he has been defended upon technicalities alone. No defense upon the merits is urged. If justice cannot be outwitted, the defendant must be punished; if it can be evaded, the defendant goes at large, presumably innocent, though notoriously guilty.

The conviction and judgment should be affirmed, and the sentence pronounced should be executed.

Present — LEARNED, P. J., BOARDMAN and JAMES, JJ.

Conviction and judgment affirmed.