(139 App. Div. 488.)

PEOPLE ex rel. STABILE v. WARDEN OF CITY PRISON OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.   July 7, 1910.)

1. CRIMINAL LAW (§ 162*)—DISCHARGE OF JURY WITHOUT VERDICT—DISCHARGE OF PRISONER.

Prior to the enactment of the Code of Criminal Procedure, the discharge of a jury when they were unable to agree, in the exercise of the discretion of the court, did not result in the discharge of the prisoner, as he was not considered to have been in jeopardy; but all matters pertaining to criminal procedure are now embraced in the Code of Criminal Procedure, and therefore section 428 of the Code, providing under what circumstances a jury may be discharged before they agree on their verdict, controls as to the effect of a discharge before agreeing upon a verdict.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 285; Dec. Dig. § 162.*]

2. CRIMINAL LAW (§ 185*)—DISCHARGE OF JURY—FAILURE TO AGREE.

Code Cr. Proc. § 428, provides that, after the jury have retired to consider of their verdict, they can be discharged before they have agreed thereon, only upon the occurrence of such injury or casualty affecting the defendant, the jury or some one of them, or the court, rendering it inexpedient to keep them together longer, or when, after the lapse of such time as shall seem reasonable to the court, "they shall declare themselves unable to agree upon a verdict," or when the public prosecutor and the counsel for defendant consent to such discharge. The jury in a prosecution for murder retired for deliberation at 5:15 o'clock p. m. and at 10:10 o'clock p. m. were brought into court by order of the court, without previous consultation with defendant or his counsel or without informing defendant or his counsel of the purpose thereof, and without the jury requesting it, and the foreman, in response to a query by the court, stated that they had not as yet agreed upon a verdict, and they were thereupon discharged by the court. *Held*, that the jury were improperly discharged.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 344; Dec. Dig. § 185.*]

3. CRIMINAL LAW (§ 183*)—DISCHARGE OF JURY—FAILURE TO AGREE—"CONSENT TO DISCHARGE."

The failure of accused or his attorney to object to the discharge of the jury cannot be interpreted as a "consent to their discharge" within the meaning of the statute.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 335; Dec. Dig. § 183.*]

4. CRIMINAL LAW (§ 184*)—FORMER JEOPARDY—DISCHARGE OF JURY WITHOUT VERDICT.

The improper discharge of a jury after they have retired to consider of their verdict, before agreeing upon a verdict, is equivalent to an acquittal.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 333–343; Dec. Dig. § 184.*]

5. HABEAS CORPUS (§ 31*)—GROUNDS FOR RELIEF—FORMER JEOPARDY.

Code Cr. Proc. § 322, provides that there are "three kinds of pleas to an indictment: (1) A plea of guilty; (2) a plea of not guilty; (3) a plea of a former judgment of conviction or acquittal of the crime charged which may be pleaded either with or without the plea of not guilty." Section 340 provides that if accused was formerly acquitted on the ground of variance between the indictment and proof, or the indictment was dismissed upon an objection to its form or substance

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

without a judgment of acquittal, it is not deemed an acquittal of the same offense. Section 341 provides that, when accused is acquitted on the merits, he is deemed acquitted of the same offense, notwithstanding a defect in form or substance in the indictment on which he was acquitted. Sections 515–517 provide that an appeal lies in a criminal case only from a final judgment. Const. art. 1, § 6, provides that no person shall be subject to be twice put in jeopardy for the same offense. *Held*, that where the jury in a criminal prosecution were improperly discharged after retiring to consider of their verdict, and before agreeing upon the same, and the accused was remanded to prison, habeas corpus will lie to secure his release on the ground that such discharge amounts to an acquittal.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 27; Dec. Dig. § 31.*]

Appeal from Special Term, New York County.

Application for writ of habeas corpus, on the relation of Vincent J. Stabile, against the Warden of the City Prison of the City of New York. From an order sustaining the writ and discharging relator (67 Misc. Rep. 202, 122 N. Y. Supp. 284), the People appeal. Affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Charles S. Whitman, Dist. Atty. (Robert C. Taylor, of counsel, and Robert S. Johnstone, on the brief), for the People.

Herman Joseph and Augustin Derby (Austen G. Fox, Moses H. Grossman, and Leo R. Brilles, of counsel), for respondent.

CLARKE, J. Relator was indicted for murder in the first degree and before a jury duly impaneled was tried in the Court of General Sessions; the trial beginning on the 7th day of March, 1910. On the 14th of March the jury was duly charged by the court and retired for deliberation at 5:15 o'clock p. m. At 6:30 p. m. the jury was taken to dinner and returned therefrom at 8 o'clock p. m. and resumed their deliberations. At 9:22 p. m. the jury was brought into court and further charged by the court and again retired for deliberation; not less than 20 minutes being occupied during said additional charge. At 10:10 p. m. the jury was brought into court by order of the court, without previous consultation with the defendant or his counsel or without the defendant or his counsel being informed of the purpose thereof and without the jury requesting it, and, the jury being in court, the following took place between the court and the jury:

"The Court: Mr. Foreman, have you agreed upon a verdict? The Foreman: Not as yet. The Court: Well, I am loathe to keep you together any longer. You have been in session now for over five hours, and I have charged you as fully upon the law as I can charge you. I do not see that there is any additional explanation of the law that I can give you. I discharge you from further consideration of the case. Defendant remanded."

Thereupon the jury at once left the box and separated.

Upon consent the minutes of the trial were amended to read as follows:

"The jury at 10:10 p. m. o'clock return to the bar and say that they have not as yet agreed upon a verdict. Thereupon the public prosecutor and the defendant and his counsel being present and interposing no objection

thereto, and in the opinion of the court a reasonable time having elapsed since the case was committed to the jury, and it appearing to the court that the jury are unable to agree upon a verdict, it is ordered that the jury be, and they hereby are, discharged from further consideration of the case."

The district attorney and the attorneys for the relator stipulated:

"That the aforesaid entry was not intended to mean that the counsel for the defendant were informed in advance that the jury were to be discharged and were consulted with and consented in advance that the jury be discharged, but was intended to mean that after the jury had been discharged no objection was interposed nor exception taken on the record, but the said counsel remained silent."

The relator having been remanded to the custody of the warden of the city prison, a writ of habeas corpus was granted by a justice of the Supreme Court, and upon the return and the traverse thereto relator was discharged from custody, and the people appeal.

Section 428 of the Code of Criminal Procedure provides that:

"After the jury have retired to consider of their verdict they can be discharged before they shall have agreed thereon only in the following cases: (1) Upon the occurrence of such injury or casualty affecting the defendant, the jury or some one of them, or the court, rendering it inexpedient to keep them longer together; or (2) when, after the lapse of such time as shall seem reasonable to the court, they shall declare themselves unable to agree upon a verdict; or (3) when, with the leave of the court, the public prosecutor and the counsel for the defendant, consent to such discharge."

Lord Coke, in 1 Inst. 227, 3 Inst. 110, laid it down as a general rule that a jury sworn and charged by the court in cases of life or member, and so in all cases of felony, cannot be discharged by the court or any other, but they ought to give a verdict.

In 1801 Kent, J., in People v. Olcott, 2 Johns. Cas. 301, 1 Am. Dec. 168, demonstrated that this statement of the common law had not the support of any cases, and established the rule for this state as follows:

"If the court are satisfied that the jury have made long and unavailing efforts to agree, that they are so far exhausted as to be incapable of further discretion and deliberation, this becomes a case of necessity and requires an interference. All the authorities admit that, when any juror becomes mentally disabled by sickness or intoxication, it is proper to discharge the jury, and whether the mental inability be produced by sickness, fatigue, or incurable prejudice, the application of the principles must be the same."

In that case the jury had been unable to agree and had been discharged. The prisoner having been brought into court by habeas corpus, a motion was made that he should be discharged upon the ground that having been once put upon his trial, and the jury having been discharged by the court, against the consent of the prisoner, he could not be again brought to trial. The court refused to discharge him.

In People v. Goodwin, 18 Johns. 187, 9 Am. Dec. 203, the prisoner had been indicted and tried at the General Sessions for manslaughter. The jury reported that there was not the slightest possibility of their agreeing and were thereupon discharged by the court. The Chief Justice of the Supreme Court had admitted him to bail. Pursuant to his recognizance he had appeared at the May term of the Supreme Court. The district attorney stated that the only question was whether the

prisoner was again to be put upon his trial under the indictment. Hoffman, for the prisoner, then moved for his discharge on the ground that once having been tried he could not legally be put on trial a second time. The matter was very carefully considered. Spencer, C. J., writing the opinion, said inter alia:

"The test by which to decide whether a person has been once tried is perfectly familiar to every lawyer. It can only be by a plea of autrefois acquit, or a plea of autrefois convict. * * * To render the plea of former acquittal a bar, it must be a legal acquittal, by judgment, upon a trial for substantially the same offense, and the verdict of a petit jury. In the present case, it is not pretended that the prisoner has been acquitted, unless the discharge of the jury, without having agreed upon their verdict, and without the prisoner's consent, shall amount, in judgment of law, to an acquittal. This brings us to the question whether the Court of Sessions could discharge the jury, under the circumstances of this case. If they could not, then I should be of the opinion that, although there could be no technical plea of autrefois acquit, the same matter could be moved in arrest of judgment; and, if so, I can see no objection to the discussion of the question in its present shape, on a motion to discharge the prisoner. * * * Upon the whole, I am of opinion that whenever, in cases of felony, a jury has deliberated so long upon a prisoner's case as to preclude all reasonable expectation that they will agree on a verdict, without being compelled to do so from famine or exhaustion, then it becomes a case of necessity, and they may be discharged, and the prisoner may be again tried."

It is unnecessary to cite further because, prior to the enactment of the Code of Criminal Procedure, the rule was well established that a discharge of the jury, when they were unable to agree, in the exercise of the discretion of the court, did not result in the discharge of the prisoner; that under such circumstances he was not considered to have been in jeopardy, and there was no bar to a second trial. The provisions of the Code cited supra now regulate and control the subject. It has been held that all matters pertaining to criminal procedure are now embraced in and covered by the Code of Criminal Procedure. People v. Hovey, 92 N. Y. 554; People v. Bissert, 71 App. Div. 118, 75 N. Y. Supp. 630, affirmed 172 N. Y. 643, 65 N. E. 1120; People v. Glen, 173 N. Y. 395, 66 N. E. 112; People ex rel. Jerome v. Court Gen. Sessions, 112 App. Div. 424, 98 N. Y. Supp. 557, affirmed 185 N. Y. 504, 78 N. E. 149; Matter of Montgomery, 126 App. Div. 72, 110 N. Y. Supp. 793, appeal dismissed 193 N. Y. 659, 87 N. E. 1123.

The questions here arising are four: (1) Was the court warranted in discharging the jury before they had declared themselves unable to agree upon a verdict? (2) Can the defendant be considered to have consented to the discharge of the jury? (3) Is the effect of such discharge equivalent to an acquittal? (4) Can the question be raised and tested in habeas corpus proceedings?

1. I am of the opinion that the court unwarrantably interfered with the deliberations of the jury; that the statute has made the test, announced the rule, and fixed the limitations of the exercise of the discretion of the judge; and that it can be exercised only when the jury shall declare themselves unable to agree upon a verdict. The court is not required to discharge them at once when they have so declared because discretion is to be exercised under first part of the paragraph,

"When, after the lapse of such time as shall seem reasonable to the court." He may send them back and may keep them together for so long a time as in the exercise of a wise discretion he may deem reasonable; but he may not discharge them of his own motion until they have declared themselves unable to agree. This is the rule established by the Legislature, and it is a reasonable rule; otherwise, the court might capriciously or for improper motives interfere to prevent a verdict which might otherwise have been arrived at.

"If a court has the right, during the trial, capriciously to discharge the jury and continue the case until the next term, the liberty of those indicted for offenses not bailable would be completely within the hands of the judge." Wright v. State, 5 Ind. 290, 61 Am. Dec. 90.

The people and the defendant are alike entitled to the uninterrupted deliberation of the jury. The declaration that they are unable to agree must proceed in the first instance from that body itself.

2. I do not think that the failure to object to the discharge of the jury can be interpreted to be the consent provided for in the third subdivision of the section, to wit:

"When with the leave of the court, the public prosecutor and the counsel for the defendant consent to such discharge."

As is well said by Chief Justice McIver of the Supreme Court of South Carolina, in State v. Richardson, 47 S. C. 166, 25 S. E. 220, 35 L. R. A. 238:

"Consent is active, while not objecting is merely passive. The old adage, 'Silence gives consent,' is not true in law; for there it only applies where there is some duty or obligation to speak. State v. Edwards, 13 S. C. 30: State v. Senn, 32 S. C. 401 [11 S. E. 292]. If it had appeared in the case, as it does not, that the prisoner was asked whether he objected to the motion to withdraw the case from the jury, and he had said no, or had even remained silent, then the result would have been different. As it was, however, we think it would be going too far to hold that he consented to a withdrawal of the case."

See, also, Ex parte Glenn (C. C.) 111 Fed. 257:

"It is contended that, the prisoner in this case not objecting to the discharge of the jury, her silence was a waiver upon her part of the action of the court in discharging it. I do not think so. It is a well-settled principle of law that a prisoner may stand mute. It is for the state to make out its case against the prisoner, and the prisoner is not compelled to do anything that will aid the state in its prosecution. In this case, at the time the jury was discharged, the prisoner merely stood mute."

In Robinson v. Commonwealth, 88 Ky. 386, 11 S. W. 210, the Court of Appeals of Kentucky said:

"It would be exceedingly dangerous to have this organic right to rest for its proper protection on the mere will, or even discretion, of the trial court, however firm and elevated the judiciary character might be; and no interference by the state after the jury has charge of the case can be tolerated, unless upon facts establishing a case of necessity or by consent of the accused. * * * In this instance, however, there was no express consent by the appellant to the discharge of the jury, nor any circumstances from which a consent can be properly implied. He was merely silent. The rule should not be extended so far as to require him, for the protection of this organic right, to object to the action of the court."

3. If the jury was improperly discharged after having been sworn and charged with the defendant, I take it there is no doubt that said discharge was in law the equivalent of an acquittal.

In People v. Barrett & Ward, 2 Caines, 304, 2 Am. Dec. 239, the withdrawal of a juror and attempting to subject a person to a second trial, because the prosecutor was not prepared with his proofs, was held to be the equivalent to an acquittal.

In Grant v. People, 4 Parker, Cr. R. 527, the Clinton General Term, Rosekrans, J., said:

"In the case now before us, the special plea excludes the existence of any necessity, and all grounds for the exercise of the discretion of the court. It alleges that the jury was discharged without disagreeing or other special cause, but by mere irregularity, and that this was done without the consent of the defendant. In Mahala v. State, 10 Yerg. 532 [31 Am. Dec. 591], the Supreme Court of Tennessee held that there was no power to discharge a jury in a criminal case without the consent of the defendant, except in cases of manifest necessity. When the jury are unwarrantably discharged, it is equivalent to an acquittal. The law, to warrant the discharge of the jury, must be of uncontrollable emergency. * * * The arbitrary discharge of a jury in a criminal case, against the consent of a defendant, without any cause, and where no circumstances exist calling for the exercise of the discretion of the court, which is the case presented by the special plea of the defendant, is a bar to a subsequent trial of the defendant upon the same indictment. Commonwealth v. Cook, 6 Serg. & R. (Pa.) 577 [9 Am. Dec. 465]; State v. Ephraim, 19 N. C. 162; 2 Gr. & Wa. on New Trials, 105, 106. In the case of United States v. Pedro Gibert, 2 Sumn. 60 [Fed. Cas. No. 15,204], Mr. Justice Story approves of the doctrine of the Supreme Court of Pennsylvania and North Carolina, which hold that the provision of the Constitution of the United States, which declares that no person shall be subject for the same offense to be twice put in jeopardy of life or limb, includes cases where a party is once put upon his trial before the jury, and they are discharged from giving a verdict without extreme necessity, and he adds: 'This, too, is the clear, determinate and well-settled doctrine of the common law, acting upon the same principle as a fundamental rule of criminal jurisprudence.'"

In King v. People, 5 Hun, 297, the court said:

"A prisoner is once in jeopardy when he has been arraigned and pleaded to a valid indictment, a jury has been sworn, and evidence is given, and then, without his consent, a juror has been withdrawn or (which is the same thing) the jury discharged."

In People v. Jones, 48 Mich. 554, 12 N. W. 848, a murder case, Cooley, J., said:

"The plea of former acquittal shows no verdict, but it shows that a jury was impaneled, and that the prosecution went into proofs by witnesses until they rested their case. Under all the authorities this entitled defendant to a verdict one way or the other, and, if the jury was discharged without verdict and without any overruling necessity, this was a final discharge of the accused."

In 12 Cyc. 270, it is said:

"If the jury are discharged for a reason legally insufficient and without an absolute necessity for it, the discharge is equivalent to an acquittal and may be pleaded as a bar to a subsequent indictment"—citing numerous authorities from the state and federal courts.

In 17 Am. & Eng. Ency. of Law, 1261, it is said:

"It is generally agreed that the discharge of the jury in a criminal case in the absence of circumstances rendering it proper for the court to exercise a discretion in that behalf will operate as an acquittal of the defendant."

4. Can the question be raised on habeas corpus? I think it can. It is a pure question of law. The facts appear of record and are stipulated and conceded.

I am aware that it is stated in the text-books and in the digests that the writ will not lie. In Spelling on Extraordinary Relief, vol. 2, p. 1012, is the following:

" 'Once in jeopardy' is matter of defense upon a subsequent trial for the same offense. Where there has been a legal jeopardy, it is equivalent to a verdict of acquittal, and on motion the prisoner is entitled to his discharge; but the writ of habeas corpus will not lie."

And in Church on Habeas Corpus, 325, it is stated:

"And conceding that the court erred in discharging the jury, and that the alleged error was cognizable in a court of review, it could not be reviewed without the record if the cause was properly before the court of review, in such a way as to give it a revisory power under its appellate jurisdiction; but such an error is a mere irregularity and should not be reviewed under this writ. It does not affect the question of jurisdiction, and where a court has jurisdiction it is within its power and authority, and it is clearly its duty to entertain, hear, and determine every question that may possibly or legitimately arise during the progress of the trial to final judgment of conviction or acquittal."

In 21 Cyc. 305, it is said:

"The defense of former jeopardy or of former acquittal or conviction does not entitle the prisoner to be discharged on habeas corpus"—citing cases.

The one New York case is People v. Rulloff, 3 Parker, Cr. R. 126. That was a Special Term decision by Balcom, J., in 1856.

It is true that section 332 of the Code of Criminal Procedure provides that:

"There are three kinds of pleas to an indictment: (1) A plea of guilty; (2) a plea of not guilty; (3) a plea of a former judgment of conviction or acquittal of the crime charged, which may be pleaded either with or without the plea of not guilty."

Section 340 provides that:

"If the defendant were formerly acquitted on the ground of a variance between the indictment and the proof, or the indictment were dismissed upon an objection to its form or a substance, without a judgment of acquittal, it is not deemed an acquittal of the same offense."

And section 341 provides that:

"When, however, the defendant was acquitted on the merits, he is deemed acquitted of the same offense, notwithstanding a defect in form or substance, in the indictment on which he was acquitted."

But an appeal lies in a criminal case only from a final judgment. Sections 515–517, Code Cr. Proc. In People v. Goodwin, supra, it was said:

"To render the plea of a former acquittal a bar, it must be a legal acquittal, by judgment, upon a trial for substantially the same offense and the verdict of a petit jury."

If that be so, it would seem that the facts in this case would not support the plea of autrefois acquit provided for in the section of the Code of Criminal Procedure cited supra, and in any event the defendant would be required to remain in prison and to stand another trial before he could raise the question, and, if decided against him, test it upon appeal from the final judgment. I do not believe that under such circumstances a Special Term case decided before the adoption of the Code or cases in other jurisdictions should bind us.

The relator is asserting a constitutional right. In Ex parte Davis, 48 Tex. Cr. R. 644, 89 S. W. 978, 122 Am. St. Rep. 775, the Court of Criminal Appeals of Texas had before it an application for a writ of habeas corpus for the release of the applicant who stood charged with the offense of murder in one county of the state; he having been acquited upon a trial upon an indictment found by the grand jury of another county of the state for the same crime. The court said:

"The question presented for our consideration is: Does the verdict and judgment of acquittal in the district court of Coke county exonerate relator from further prosecution in the district court of Nolan county for the same offense. In the first place, the jurisdiction of this court to interfere by writ of habeas corpus is questioned; it being insisted that applicant can fully protect his rights by an appeal. * * * The only way we know to avoid a second trial, where the lower court is proceeding with said trial, is to interpose the writ of habeas corpus."

And the writ was issued and the prisoner discharged.

In the Matter of Nielsen, 131 U. S. 176, 9 Sup. Ct. 672, 33 L. Ed. 118, Mr. Justice Bradley, speaking for the Supreme Court of the United States, said:

"The first question to be considered, therefore, is whether, if the petitioner's position was true, that he had been convicted twice for the same offense, and that, if the court erred in its decision, he could have relief by habeas corpus? The objection to the remedy of habeas corpus, of course, would be that there was in force a regular judgment of conviction, which could not be questioned collaterally, as it would have to be on habeas corpus. * * * In the present case, it is true, the ground for the habeas corpus was not the invalidity of an act of Congress, under which the defendant was indicted, but a second prosecution and trial for the same offense, contrary to an express provision of the Constitution. In other words, a constitutional immunity of the defendant was violated by the second trial and judgment. It is difficult to see why a conviction and punishment under an unconstitutional law is more violative of a person's constitutional rights than an unconstitutional conviction and punishment under a valid law."

Referring to the case of Snow, 120 U. S. 274, 7 Sup. Ct. 556, 30 L. Ed. 658, the court said:

"He was protected by a constitutional provision, securing to him a fundamental right. It was not a case of mere error in law, but a case of denying to a person a constitutional right. And where such a case appears on the record, the party is entitled to a discharge from imprisonment. * * * A party is entitled to habeas corpus, not merely where the court is without jurisdiction of the cause, but where it has no constitutional authority or power to condemn the prisoner. * * * And why should not such a rule prevail in favorem libertatis? If we have seemed to hold the contrary in any case, it has been from inadvertence."

The question was raised by habeas corpus before Kent, J., 109 years ago in People v. Olcott, supra, without a suggestion that such course

was improper. And in People v. Goodwin, supra, where the prisoner was indicted at the General Sessions, and the question was raised in the Supreme Court upon a motion for his discharge on the ground that once having been tried he could not legally be put on trial a second time, the court, by Spencer, C. J., said:

"This brings us to the question whether the Court of Sessions could discharge the jury, under the circumstances of this case. If they could not, then I should be of the opinion that, although there could be no technical plea of autrefois acquit, the same matter might be moved in arrest of judgment; and, if so, I can see no objection to the discussion of the question in its present shape, on a motion to discharge the prisoner."

If the discharge of the jury was unwarranted, and if an unwarranted discharge of the jury is the equivalent of an acquittal, then it must follow that the relator is illegally and in violation of his constitutional rights deprived of his liberty. Assuming that he had been acquitted by a verdict of the jury, and nevertheless the court had remanded him to the custody of the warden of the city prison, can any one doubt that the Supreme Court, upon such facts being brought to its attention, would instantly release him upon a writ? If I am right, that is the precise legal situation here existing.

We have not overlooked the recent case of People ex rel. Scharff v. Frost, 198 N. Y. 110, 91 N. E. 376. In that case a statute (section 285 of the Penal Code) provided that:

"The subsequent intermarriage of the parties. * * * is a bar to the prosecution for a violation of the last section"—seduction under promise of marriage.

After a plea of guilty, and before judgment, the defendant had married the prosecutrix, and sentence had been suspended. Long afterwards the suspension of sentence was revoked and the defendant sentenced to state's prison. The Court of Appeals unanimously held that the marriage operated as a bar to the rendition of judgment, and it became the duty of the court to discharge the defendant from custody and proceed no further in the prosecution, and that it was error to pronounce judgment against him; but the court said:

"The relator's remedy was to move in arrest of judgment, and upon the denial of that motion, if it were denied, he could review the action of the trial court upon appeal. There was not, however, such an utter lack of jurisdiction or power to pronounce judgment as entitled the relator to relief by habeas corpus."

There was a strong dissent, concurred in by three of the judges, holding that habeas corpus would lie, stating:

"The court should not adjudge itself incompetent to deal with a situation calling for relief from an illegal judicial act through the aid of the most powerful and effective remedy known to statute or common law."

We are of course bound by the law as laid down by the Court of Appeals and must apply it to similar cases. But in the Scharff Case a statute was under consideration. In the present case a constitutional immunity, "No person shall be subject to be twice put in jeopardy for the same offense" (Const. art. 1, § 6), and the language of the Supreme Court of the United States in the Nielsen Case, supra, cov-

ers this case, "A party is entitled to habeas corpus not merely where the court is without jurisdiction of the cause, but where it has no constitutional authority or power to condemn the prisoner."

The order appealed from sustaining the writ and discharging the relator should be affirmed.    All concur.

INGRAHAM, P. J.   I fully concur with Mr. Justice CLARKE, and simply wish to add a few words as to whether this question can be raised on habeas corpus.    Upon the return to this writ the question presented to the Supreme Court is whether the relator was illegally detained in custody.   Section 2031 of the Code of Civil Procedure provides that:

"The court or judge, before which or whom a prisoner is brought by virtue of a writ of habeas corpus, issued as prescribed in this article, must, immediately after the return of the writ, examine into the facts alleged in the return, and into the cause of the imprisonment or restraint of the prisoner; and must make a final order to discharge him therefrom, if no lawful cause for the imprisonment or restraint, or for the continuance thereof, is shown; whether the same was upon a commitment for an actual or supposed criminal matter, or for some other cause."

If it appears, therefore, that the relator is restrained of his liberty, and no lawful cause for the imprisonment or restraint or for the continuance thereof is shown, he must be discharged.

The return shows that the relator is imprisoned under a warrant of the Court of General Sessions of the Peace based upon an indictment against him for the crime of murder in the first degree.   As a traverse to this return, it appeared that the relator had been tried upon that indictment and the jury discharged without a verdict or without stating that they were unable to agree, and, as established by Mr. Justice CLARKE in his opinion, such a discharge of the jury was equivalent to an acquittal.   The question before us, therefore, is whether a defendant having been committed to prison upon a bench warrant issued under an indictment is illegally restrained under such a warrant after he has been tried upon the indictment and acquitted.   We are not reviewing a judgment of the court convicting the defendant after he had been acquitted.   It may be assumed that where there was a final judgment or decree of a competent tribunal of civil or criminal jurisdiction, and a prisoner was held under such a judgment, he could only review that judgment upon an appeal therefrom, and not by a writ of habeas corpus under subdivision 2 of section 2032 of the Code of Civil Procedure.   But here the defendant is held under a warrant issued by the Court of General Sessions based upon an indictment upon which a trial has been had subsequent to the commitment and the defendant in effect acquitted.   After such an acquittal there was certainly no lawful cause for the continued imprisonment of the relator based upon the original warrant which had been issued on the indictment.

In the case of People ex rel. Scharff v. Frost, 198 N. Y. 110, 91 N. E. 376, the relator was held under a judgment of the court of General Sessions, a court of competent jurisdiction.   And it was held that in such a case, the judgment standing unreversed, the validity of the

judgment could not be determined upon habeas corpus. But here the relator is held under a warrant based upon an indictment upon which a trial has been had and the relator acquitted, and the defendant claims to hold the relator upon that warrant and that warrant only.

Since the acquittal there has been no adjudication by the court that the relator should be continued in imprisonment, nor is he held upon any process of any court issued after his trial, and, assuming that the discharge of the jury was equivalent to an acquittal, I think the case is clearly brought within section 2031 of the Code of Civil Procedure, and the relator is entitled to his discharge.