(152 App. Div. 870.)

PEOPLE v. GOLDFARB.

(Supreme Court, Appellate Division, First Department. November 8, 1912.)

1. CRIMINAL LAW (§ 173*)—FORMER JEOPARDY—DISCHARGE.

Accused was arrested without warrant and charged by affidavit before a magistrate having jurisdiction with disorderly conduct tending to a breach of the peace, contrary to Consolidation Act (Laws 1882, c. 410) § 1458, making persons using threatening or insulting behavior in a public place, whereby a breach of the peace may be occasioned, guilty of an offense, and was duly arraigned and entered upon trial, and after one witness was sworn the magistrate directed that accused be discharged and a new complaint made; and the new complaint, based on the same facts, charged a violation of Penal Law (Consol. Laws 1909, c. 40) § 720, making it a misdemeanor to disturb the occupants of a car by disorderly conduct, of which offense the magistrate did not have jurisdiction. Held, that accused was put in jeopardy on the hearing on the first complaint, so that his discharge was a bar to the subsequent prosecution under the second complaint, even though the magistrate did not actually intend to acquit accused by discharging him on the first complaint.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 289; Dec. Dig. § 173.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. CRIMINAL LAW (§ 186\*)—FORMER JEOPARDY—ACQUITTAL.**

The direction of an acquittal by the court, however erroneously, bars a subsequent prosecution on the same charge.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 312, 320, 345–361; Dec. Dig. § 186.\*]

**3. CRIMINAL LAW (§ 178\*)—FORMER JEOPARDY.**

One arraigned and required to go to trial before a court of competent jurisdiction is put in jeopardy, unless the jury disagrees, or is discharged pursuant to law or with accused's consent, or the trial is terminated by extreme necessity as by illness or death; and a discontinuance of the prosecution is equivalent to a discharge within the constitutional provision relating to former jeopardy.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 326–329; Dec. Dig. § 178.\*]

**4. CRIMINAL LAW (§ 968\*)—FORMER JEOPARDY—REMEDY—ARREST OF JUDGMENT.**

While an accused, who had been, in effect, acquitted by a charge against him having been dismissed, could procure his discharge on habeas corpus when a second charge based on the same facts was brought to trial, that was not his only remedy, as he could move in arrest of a judgment of conviction on the second charge.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2423–2432, 2435–2444; Dec. Dig. § 968.\*]

Ingraham, P. J., dissenting in part.

Appeal from Court of Special Sessions of City of New York.

Benjamin Goldfarb was convicted of disorderly conduct on a public conveyance, and he appeals from a judgment denying a motion in arrest of judgment. Motion in arrest granted, judgment set aside, and accused discharged.

On the 7th day of May, 1911, the defendant was arrested on an elevated train at the railway station at Third avenue and 106th street, in the borough of Manhattan, by an officer attached to the detective bureau of the police department of the city of New York, and was taken to police headquarters. He was released on bail, and appeared in the Magistrates' Court, Fifth District, on the following morning, where he was arraigned on a charge made by the officer who arrested him, in the form of an affidavit duly sworn to before the magistrate, the material parts of which are as follows: "That on the 7th day of May, 1911, at the city of New York, in the county of New York, 2:30 p. m., Benjamin Goldfarb (now here) was on a northbound elevated train at the railway station at Third avenue and 106th street, in the borough and did then and there push and jostle passengers, and put his hands on the person of several passengers." The people were represented by an assistant district attorney, and the defendant was represented by counsel, and a trial was commenced before the magistrate before whom defendant was arraigned. One witness, the officer who made the arrest, was called and examined for the people. At the close of his testimony the magistrate ordered him to "take the prisoner back and make another complaint," and thereupon the officer signed and duly verified before the same magistrate a deposition, the material parts of which are as follows: "That on the 7th day of April [May], 1911, at the city of New York, in the county of New York, Benjamin Goldfarb (now here) violated the provisions of section 720 of the Penal Law of the state of New York, in the following manner, to wit: On the above date, about 2:30 o'clock p. m., deponent saw this defendant in the doorway leading from the inside of the car to the platform on a northbound Third Avenue Elevated train at 106th street and Third avenue; that then and there deponent saw this defendant annoy the passengers on said train, by pushing and jostling said passengers, and putting his hands on the person of said pas-

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sengers. Wherefore deponent asks that said defendant be dealt with according to law." Immediately thereafter the magistrate, in answer to a question by the officer as to what he was going to do with the first charge, upon which the trial was commenced, said that he discharged the defendant. The indorsement on the first affidavit on file in the Magistrates' Court contains, among other things, the following: "Dis: New Complaint. Disposition: Under section 720, Penal Law." The district attorney thereafter filed an information in the Court of Special Sessions, based upon the second deposition made by the police officer, charging the defendant with disorderly conduct on a public conveyance, and the defendant was arraigned on this information in the Court of Special Sessions. He interposed a plea of former acquittal, and in support thereof proved the facts hereinbefore stated, claiming that he had thereby been put in jeopardy on the same charge. The court ruled that he had not been formerly put in jeopardy, and, after hearing evidence with respect to the occurrence which resulted in his arrest, found him guilty. The defendant thereupon moved on the same facts in arrest of judgment. The motion was denied, and he was sentenced to the penitentiary for 11 months.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

K. Henry Rosenberg, of New York City, for appellant.
Robert C. Taylor, of New York City, for the People.

LAUGHLIN, J. It is conceded by the learned assistant district attorney that errors were committed on the trial of this case, which require a reversal; but in the view we take of the case we do not deem it necessary to examine the alleged errors with respect to the reception of evidence. Counsel for the defendant insisted on the trial that his client had been formerly put in jeopardy on this same charge, and he pleaded a former acquittal in bar, and on proof of the facts set forth in the statement of facts he contended that by virtue of the provisions of section 6, art. 1, of the Constitution, he was entitled to have the information dismissed. That plea was overruled, but at the close of the evidence, and after conviction, he moved on the same facts in arrest of judgment. Counsel for the respective parties join in requesting that this court decide the questions arising on these contentions; for, if either of them be well founded, the defendant should be discharged.

[1] It appears by the statement of facts that the defendant, having been arrested without a warrant, was duly charged by the officer who made the arrest, before a magistrate having jurisdiction to try the offense, with disorderly conduct, which was a violation of the provisions of section 1458 of the Consolidation Act (Laws of 1882, c. 410), which provides as follows:

"Every person in said city or county shall be deemed guilty of disorderly conduct that tends to a breach of the peace, who shall in any thoroughfare or public place in said city or county commit any of the following offenses, that is to say: * * * 3. Every person who shall use any threatening, abusive or insulting behavior with intent to provoke a breach of the peace or whereby a breach of the peace may be occasioned."

He was duly arraigned on that charge, employed counsel to defend him, and entered upon the trial, and before hearing all the evidence the magistrate directed that a new complaint be made and that he be

discharged. The new complaint was on the same facts, but it charged a violation of section 720 of the Penal Law (Consol. Laws 1909, c. 40), under which the magistrate was without jurisdiction to try the defendant, whereas he had exclusive jurisdiction under the original charge, but on conviction thereunder he could not receive as severe a sentence. The fact that the magistrate did not intend to acquit the defendant is of no importance. Undoubtedly the object of the magistrate in directing that the officer charge the defendant with a violation of section 720 of the Penal Law was to have the case taken to the Court of Special Sessions, where a greater sentence might be imposed, if he were convicted.

[2] It is well settled that where the court directs an acquittal, no matter how erroneously, the defendant cannot be subsequently tried on the same charge. People ex rel. Stabile v. Warden, 139 App. Div. 488, 124 N. Y. Supp. 341, affirmed 202 N. Y. 138, 95 N. E. 729; Kepner v. U. S., 195 U. S. 100, 130, 24 Sup. Ct. 797, 49 L. Ed. 114, 1 Ann. Cas. 655; People v. Miner, 144 Ill. 308, 33 N. E. 40, 19 L. R. A. 342; People v. Barrett, 2 Caines, 304, 2 Am. Dec. 239. See, also, People v. Goodwin, 18 Johns. 187, 9 Am. Dec. 203. The people were at liberty to rest on such evidence as they saw fit to offer, and the defendant was under no obligation to offer any evidence. The fact, therefore, that only one witness was sworn is of no importance.

[3] I am of opinion that it is the well settled rule that where a person is arraigned on a criminal charge, and required to go to trial before a court of competent jurisdiction, unless the trial is terminated by the disagreement of the jury, or their discharge pursuant to law, or by the consent of the accused, or through extreme or absolute necessity, as by illness or death, he has been put in jeopardy, and cannot be prosecuted again in the same or another court on the same charge; and the discontinuance of the prosecution is equivalent to a discharge, for the constitutional protection grants the defendant immunity against a second trial. People ex rel. Stabile v. Warden, supra; People v. Goodwin, supra; People v. Barrett, supra; Shepherd v. People, 25 N. Y. 406; Kepner v. U. S., supra. I am of opinion that the defendant was quite as much in jeopardy before the magistrate in the case at bar, as if the prosecution had continued until the close of the evidence, and there had been a motion made for his acquittal, which was granted.

[4] It seems, however, that the defendant's plea in bar was properly overruled, for the reason that, while what occurred was in effect an acquittal, there was no formal judgment of acquittal. Code of Criminal Procedure, § 332; People ex rel. Stabile v. Warden, supra; People v. Goodwin, supra. Doubtless the defendant would have been entitled to a discharge on a writ of habeas corpus, on being held to answer the second charge (People ex rel. Stabile v. Warden, supra); but this was not his only remedy, and he was at liberty after conviction to move in arrest of judgment on these facts, as he did (People v. Goodwin, supra; People v. Barrett, supra; People ex rel. Stabile v. Warden, supra). Without, therefore, considering whether any other error was committed on the trial, I am of opinion that the de-

fendant's motion in arrest of judgment should have been granted, and he should have been thereupon discharged from custody, and this court should now do what the trial court should have done.

The motion in arrest of judgment, therefore, is granted, and the sentence of the court is set aside, and the defendant discharged.

SCOTT, MILLER, and DOWLING, JJ., concur.

INGRAHAM, P. J. (dissenting). I do not think that there was a "former judgment of conviction or acquittal of the crime charged" in this case, which entitled the defendant to his discharge upon the trial by the Court of Special Sessions. The defendant was arrested by a police officer and brought before a magistrate, and was there charged with "disturbing the peace, and did then and there push and jostle passengers and put his hands on the person of several passengers," by the police officer who arrested him. The record before the police magistrate is very incomplete, and from the record it would be impossible to state just what disposition the magistrate made of this charge. I think the deposition of the police officer was of itself a sufficient charge of a misdemeanor under section 720 of the Penal Code. That section provides that:

"Any person who shall by any offensive or disorderly act or language, annoy or interfere with any person in any place or with the passengers of any public stage, railroad car, ferry boat, or other public conveyance, or who shall disturb or offend the occupants of such stage, car, boat or conveyance, by any disorderly act, language or display, although such act, conduct or display may not amount to an assault or battery, shall be deemed guilty of a misdemeanor."

It is true that the deposition of the police officer did not mention this section, or expressly allege that the defendant was guilty of a crime under it; but it alleged facts which, if true, disclosed a violation of this section. When the defendant was brought before the police magistrate, it was the duty of the magistrate to proceed to examine the case, unless the defendant waived examination or elected to give bail. Code of Criminal Procedure, § 190. This the magistrate proceeded to do. There is nothing in the record to show that the magistrate proceeded against the defendant under section 1458 of the Consolidation Act (chapter 410 of the Laws of 1882), rather than under section 720 of the Penal Code. The police officer who made the arrest was examined by the magistrate, who directed him to make a new complaint, which expressly charged the defendant with a violation of the provisions of section 720 of the Penal Law; and in that new complaint he went more fully into the facts preceding the arrest, and upon this new complaint the defendant was held for trial at Special Sessions. There was no acquittal of a charge made under the section of the Consolidation Act; but a charge was made against the defendant which would be a violation both of the section of the Consolidation Act and section 720 of the Penal Law. The police officer says that after the new charge was made, and the defendant was committed for trial, the magistrate said something about his being discharged under the first complaint;

but, as I read the record, the defendant was never placed upon trial for a violation of the Consolidation Act, but was simply charged with an offense for which he might be punished under either the Consolidation Act or the Penal Code. The hearing before the magistrate, so far as appears, was the examination which any person arrested with or without a warrant is entitled to, and the direction to the police officer to prepare a new charge was simply a direction to obtain a more specific statement of the facts under section 720 of the Penal Code.

I think, therefore, there was no trial of the defendant for any offense, but an examination by the magistrate of a person arrested without a warrant for an offense which was a violation of the Penal Code. Certainly the mere direction of the magistrate to make a fuller complaint, or to prepare a new complaint setting forth the facts in more detail, cannot be said to be an acquittal of the charge preferred against the defendant. I think the plea of a former acquittal is not sustained and that the court below was justified in trying the defendant.

There was error in the admission of testimony, which the district attorney concedes requires a new trial. I think, therefore, the judgment appealed from must be reversed, and a new trial ordered.