Chief Judge Desmond.
 

 The three petitioners brought this proceeding (Civ. Prac. Act, art. 78) against the Judges of the Court of General Sessions and the District Attorney for an order prohibiting the retrial of an indictment. Petitioners, who are police officers, were indicted jointly in 1959 for attempted burglary and attempted grand larceny. At the trial which lasted for several weeks, one count (attempted grand larceny) was dismissed and after long deliberations the jury reported its inability to agree as to the other (attempted burglary) count. In March, 1960 the case came on again for trial. The Assistant District Attorney and counsel for defendants, with defendants present, tendered to the presiding Judge a stipulation which they had agreed upon and to which they asked the Judge to give his approval. The stipulation recited that the defendants waived trial before a jury and consented to be tried before the Judge alone, that they waived further confrontation of the witnesses against them and that they consented that all issues in the case be decided by the Judge on the record of the earlier trial, with a further agreement that all of the witnesses called at the former trial would, if called again, testify in the same manner as at the trial which had ended in a disagreement. The stipulation further expressed an agreement that the sitting Judge should determine the credibility of the witnesses from the former record, that a copy of the stenographic minutes of the former trial should be made available to defendants’ counsel, that on a future date not less than eight weeks thence both sides should be permitted to submit briefs and oral arguments and such motions as they wished to make
 
 *117
 
 and that the Judge, if he should dony all motions to dismiss the indictment, might render judgment. The whole record taken at the earlier trial except the charge to the jury was to be submitted. Petitioners agreed that they would not on any appeal question the validity of this method of trial. The Judge when presented with the stipulation was careful to see to it that each of the defendants separately stated that he understood and agreed to the arrangements. He announced that he accepted the stipulation. The People then offered the former trial record in evidence. The conclusion is inescapable that what happened on that day, as just above outlined, amounted to no less than the presentation to the Judge, with jury waived, of all the evidence in the case. However, eight months later the Judge called the case up again in open court, stated that he questioned 1 ‘ the legal propriety of a Court making a determination solely on a record and without confrontation of witnesses ” and announced that he was vacating the stipulation. He directed the District Attorney to set the case down for retrial. All this was on the court’s own motion. Counsel for defendants objected and offered on behalf of his clients to consent that if the court so desired the court and the District Attorney should have the right to call any of the witnesses who had testified at the previous trial and have them give the same testimony they had given before and offered to make any other amendment of the stipulation that the Judge should consider necessary. The Judge, however, stated that the interests of justice required that the stipulation be vacated and that a formal trial be held. The case was marked for trial on a later date.
 

 "When the cause was ag-ain reached on the Trial Calendar the defendants’ counsel appeared and renewed his objection to the vacating of the stipulation and notified the court that the defendants would claim that any trial other than one in accordance with the stipulation would be double jeopardy. The Judge adhered to his order for a jury trial and petitioners commenced this prohibition proceeding.
 

 This proceeding was dismissed by Special Term but the Appellate Division reversed and made the order of prohibition which is here on appeal by the People.
 

 We are convinced that what happened in March, 1960 amounted to the presentation of the evidence on a trial of the
 
 *118
 
 remaining count of this indictment. The parties had agreed in a stipulation approved by the court that the evidence would be presented to the Judge in the form of the record of the former trial. All that remained was argument by counsel to be followed by a judgment. This was jeopardy. The controlling rule, found .in section 430 of the Code of Criminal Procedure, is that when a jury has been discharged or prevented from reaching a verdict “by reason of an accident or other cause ” the cause may be again tried. The decisions likewise hold that only in certain exceptional circumstances does a Trial Judge have discretionary power to discharge a jury and put the defendant to a new trial. In
 
 People ex rel. Stabile
 
 v.
 
 Warden of City Prison
 
 (202 N. Y. 138) a jury was discharged in a murder trial after a comparatively short deliberation and without defendant’s consent. This court ruled that no facts existed justifying the exercise of such discretion by the court and upheld defendant’s plea of double jeopardy. Leading cases holding “no jeopardy ” are
 
 People ex rel. Brinkman
 
 v.
 
 Barr
 
 (248 N. Y. 126) where the Trial Judge himself became so ill that he could not continue, and
 
 People ex rel. Epting
 
 v.
 
 De Voe
 
 (309 N. Y. 818) where a mistrial had to be ordered because the court stenographer had become too ill to go on, it was impossible to get another substitute stenographer within any reasonable time, and defendant’s counsel consented to a mistrial. In
 
 Epting
 
 defendant’s counsel had in fact consented to the mistrial and we based our decision on the consent ground only. A recent decision in this court on this subject is
 
 People
 
 v.
 
 Kelly
 
 (9 NY 2d 697) where we decided that the defendant could not plead double jeopardy when the Trial Judge had declared a mistrial on an abortion indictment, such mistrial being necessary because the complaining witness had an epileptic attack at the beginning of her testimony and a physician who was called by the Trial Judge had stated that the witness could not continue her testimony without danger to herself. From all the decisions it appears that a reason justifying the ordering of a mistrial in a criminal cause must be a necessitous one, actual and substantial. No such reason appeared in the present case since the Judge’s only ground for directing a third trial was that he entertained some doubts as to the legality of trying a criminal cause on a submission of the evidence taken on a former trial.
 
 *119
 
 In a criminal cause, however, when defendants have validly waived a jury, the evidence can be offered in such form as the parties agree to with the Judge’s consent.
 

 An excellent statement of the applicable rule is found in
 
 People
 
 v.
 
 Goldfarb
 
 (152 App. Div. 870, 874) as follows: “ I am of opinion that it is the well-settled rule that where a person is arraigned on a criminal charge, and required to go to trial before a court of competent jurisdiction, unless the trial is terminated by the disagreement of the jury, or their discharge pursuant to law, or by the consent of the accused, or through extreme or absolute necessity, as by illness or death, he has been put in jeopardy and cannot be prosecuted again in the same or another court on the same charge; and the discontinuance of the prosecution is equivalent to a discharge, for the constitutional protection grants the defendant immunity against a second trial.
 
 (People ex rel. Stabile
 
 v.
 
 Warden of City Prison
 
 [139 App. Div. 488, affd. 202 N. Y. 138],
 
 supra; People
 
 v.
 
 Goodwin
 
 [18 Johns. 187],
 
 supra; People
 
 v.
 
 Barrett
 
 [2 Caines 304],
 
 supra; Shepherd
 
 v.
 
 People,
 
 25 N. Y. 406;
 
 Kepner
 
 v.
 
 United States
 
 [195 U. S. 100, 130],
 
 supra.)
 
 ”
 
 Goldfarb
 
 was affirmed by this court (213 N. Y. 664) and was referred to with approval in
 
 People ex rel. Meyer
 
 v.
 
 Warden
 
 (269 N. Y. 426, 428) where the rule was rephrased like this: “A prisoner is placed in jeopardy when he has been arraigned and pleaded to a valid charge, a jury has been examined and sworn, and evidence given.”
 

 The policy reason for the double jeopardy prohibition (N. Y. Const., art. I, § 6) is that a defendant should not be harassed by a succession of trials. This record shows such harassment. After the court had consented that the trial be had in the manner stipulated by counsel, there followed an eight-month delay at the end of which the Trial Judge sent for defendants and the lawyers and told them that he had changed his mind and that the case would have to be tried all over again.
 

 The order should be affirmed, without costs.
 

 Judges Dye, Fuld, Froessel, Yak Yoorhis, Burke and Foster concur.
 

 Order affirmed. I