■ RAYMOND HALL, Petitioner, v MICHAEL POTOKER et al., as Justices of the Supreme Court of the State of New York, et al., Respondents.—Proceeding pursuant to CPLR article 78 to prohibit the respondents from further prosecuting petitioner under Kings County Indictment No. 453/1978. Proceeding dismissed on the merits, without costs or disbursements. On the

record before us, there was "manifest necessity" for the Trial Judge to declare a mistrial (see *United States v Perez,* 22 US 579, 580; *Matter of Nolan v Court of Gen. Sessions of County of N. Y.,* 11 NY2d 114, 119). It was uncertain when the undercover officer, who had been injured just prior to the commencement of the trial, would be available to testify. We note that defense counsel herself had, in objecting to a two-week adjournment, furnished the Trial Judge with several good reasons for the declaration of a mistrial, although she did not specifically request one. We find no support in the record for petitioner's assertion that the prosecutor moved the case for trial when he knew, or should have known, that the undercover officer would not be available to testify. The prosecutor informed the court that the witness had become unavailable due to the onset of a serious infection which was not responding to treatment as had been hoped. The unavailability occurred only after the jury had been impaneled and both counsel had given their opening statements. In fact, notwithstanding the injury, the prosecutor had expected the officer to be available to testify. However, due to the sudden worsening of the condition, the officer had to be hospitalized. Under these circumstances, a mistrial was properly declared (cf. *People v Michael,* 48 NY2d 1). Shapiro, J. P., Cohalan, Margett and Martuscello, JJ., concur.