■ In the Matter of DENNIS L. ENRIGHT, Petitioner, v ANDREW F. SIEDLECKI, as County Judge of Tioga County, et al., Respondents. — Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to CPLR 506, subd [b], par 1) to prohibit respondents from conducting further proceedings in a criminal matter pending against petitioner. Petitioner was indicted by the Grand Jury of Tioga County and stands accused of the crime of robbery in the second degree. Following a lengthy suppression hearing, a statement given to the

police by petitioner was ruled admissible and trial on the indictment was commenced. On the second day of the trial, after the jury had been selected and sworn, the prosecutor advised defense counsel that during his preparation for trial he had come across a previously undiscovered *Miranda* rights warning statement bearing petitioner's name, which indicated that petitioner had requested counsel several weeks before the statement was taken. Based upon this newly discovered evidence, the suppression hearing was reopened and the trial court suppressed the statement. The prosecutor then moved for a mistrial and the trial court declared a mistrial. This proceeding in the nature of prohibition ensued. In the absence of a defendant's consent to the trial court's declaration of a mistrial, the double jeopardy provisions of both the Federal Constitution and State Constitution bar retrial unless "there is a manifest necessity for [the mistrial], or the ends of public justice would otherwise be defeated" (*United States v Perez*, 9 Wheat [22 US], 579, 580; *Matter of Nolan v Court of General Sessions of County of N. Y.*, 11 NY2d 114, 119). "Since the Trial Judge is in the best position to determine whether a mistrial is in fact necessary in a particular case, that court is entrusted with discretion in this area" (*People v Michael*, 48 NY2d 1, 9). "[W]hen the Trial Judge has properly explored the appropriate alternatives, and there is a sufficient basis in the record for a mistrial, an appellate court will be hesitant to interfere with the exercise of this discretion" (*Hall v Potoker*, 49 NY2d 501, 505). The statutory basis for the trial court's decision herein to grant a mistrial is contained in CPL 280.10 (subd 3), which, to some extent, codifies the principles set forth above (see *People v Michael, supra*, p 9). The statute authorizes the trial court to declare a mistrial " 'when it is physically impossible to proceed with the trial in conformity with law' ". The rationale advanced for the mistrial here is that since there had been extensive discussions during *voir dire* by both the prosecutor and defense counsel concerning the existence of a confession by defendant, neither the People nor defendant could be sure of receiving a fair trial. This is not a situation where some crucial evidence for the prosecution has become unavailable through no fault of the prosecutor (see *Hall v Potoker, supra*). Rather, the circumstances herein are solely of the prosecutor's own making. Since a prosecutor is not entitled to a mistrial merely to gain a more favorable opportunity to convict (*Hall v Potoker, supra*, p 506), we find unavailing the prosecutor's claim that the People cannot be sure of receiving a fair trial. With respect to the claim that defendant cannot be sure of receiving a fair trial, it must be noted that defendant has not sought a mistrial and he expressly stated for the record that he did not consent to the declaration of a mistrial. Since this claim involves juror bias, the Trial Judge has "considerable discretion * * * for it is the Trial Judge, better than any other, who can detect the ambience of partiality" (*People v Michael, supra*, p 10). That discretion, however, is not unlimited; there must be some basis in the record for the court's determination (*id.*). Here, no inquiry was made as to the jury's ability to render a fair verdict. Nor were any curative instructions given. Under the circumstances presented here, the trial court had no real opportunity to detect any "ambience of partiality". The trial court's misgivings about continuing the trial without ascertaining whether those misgivings were well founded do not constitute necessitous, actual and substantial reasons justifying the declaration of a mistrial (see *Matter of Nolan v Court of General Sessions of County of N. Y., supra*). Accordingly, the decision to declare a mistrial was an abuse of discretion and retrial for the same crime is prohibited. Petition granted, without costs, and Indictment No. C-81-38 dismissed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.