THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANNA COHEN, Appellant, v. RUTH E. COLLINS, Superintendent, House of Detention for Women, Defendant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent.

First Department, June 20, 1933.

*Joseph Aronstein*, for the appellant.

*John C. McDermott* of counsel [*Thomas C. T. Crain, District Attorney*], for the respondent.

MARTIN, J. The relator, appellant, Anna Cohen was arrested in the F. W. Woolworth store located at Thirty-sixth street and Broadway, borough of Manhattan, after she had been observed by two detectives as she walked from counter to counter jostling several women customers.

Officer Francis A. Travis testified that he observed the relator as she took something from a counter and placed her right hand in her pocket; that she then walked about the store stopping at several other counters; that she went to the front of the store and down into the basement, then returned to the upper floor shortly thereafter, and again went to a number of counters, each time jostling the customers. He further testified that during this time she attempted to open one woman's handbag and that she put her hand into another woman's pocketbook which was being carried on the woman's arm, and that Officer Thomas F. Price then placed the relator under arrest. The relator then asked the witness Travis to give her a " break " as she had nothing. Officer Price corroborated the testimony of Officer Travis.

On the above proof the People rested and the relator moved to dismiss and for an acquittal. The court denied the motion to acquit, but stated that he observed on the papers before him the statement, " No bail in view of prior convictions," and that a fingerprint record was attached to the papers.

The assistant district attorney stated that he had no knowledge that such a record was attached to the papers, and the court stated that he believed the statement of the assistant district attorney to be true. The magistrate further stated that had he seen the notation before the trial commenced, he would not have tried the case, evidently being fearful that it might possibly influence his decision. The assistant district attorney thereupon requested that the relator's counsel consent that the case be tried de novo, but relator's counsel refused. The court thereupon, on its own motion, declared a mistrial. The magistrate neither dismissed the case nor discharged the relator, but instead remanded her for the purpose of a retrial.

The relator, appellant, then obtained a writ of habeas corpus, which the court dismissed on March 20, 1933, stating the dismissal was on the authority of People ex rel. Herbert v. Hanley (142 App. Div. 421).

It is clear that the magistrate did not intend to discharge the prisoner, for if he directed that the action be dismissed it would have been necessary to discharge the relator. The court stated that it was his desire to have another magistrate hear the case

since what he observed " might be of a prejudicial nature against the defendant." To this counsel for relator refused to consent and requested that the court continue with the trial.

It is important to note that the relator, appellant, in her brief states: " The previous record of the appellant, relator, was before the court with full knowledge and consent of her counsel." In view of that fact, it is not clear why a mistrial was considered necessary in this case.

Disorderly conduct as defined by section 722 of the Penal Law and sections 1458 and 1459 of the New York City Consolidation Act (Laws of 1882, chap. 410) is not a crime, but an offense of which a city magistrate has summary jurisdiction to hear and determine. (Penal Law, § 724; *People ex rel. Burke* v. *Fox*, 205 N. Y. 490.)

Article 1, section 6, of the Constitution of the State of New York provides in part as follows: " No person shall be subject to be twice put in jeopardy for the same offense."

When a defendant is charged with disorderly conduct under section 722 of the Penal Law or sections 1458 and 1459 of the Consolidation Act, the magistrate before whom the trial proceeds has summary jurisdiction to render a judgment of acquittal or conviction. Having once commenced the trial of a defendant upon such a charge, and having sworn a witness, the trial could terminate only either by an acquittal or by a judgment of conviction.

In the case of *People* v. *Goldfarb* (152 App. Div. 870; affd., 213 N. Y. 664) the defendant was charged with disorderly conduct before a city magistrate under section 1458 of the Consolidation Act. The defendant was duly arraigned on that charge and before hearing all the evidence the magistrate directed that a new complaint be taken under section 720 of the Penal Law, which is a misdemeanor and of which the magistrate did not have summary jurisdiction. The defendant was prosecuted in the Court of Special Sessions upon this new charge and moved in arrest of judgment which was denied. The Appellate Division reversed the judgment of conviction upon the ground that the defendant had already been in jeopardy.

In that case, Mr. Justice LAUGHLIN, writing for this court, said: " I am of opinion that it is the well-settled rule that where a person is arraigned on a criminal charge, and required to go to trial before a court of competent jurisdiction, unless the trial is terminated by the disagreement of the jury, or their discharge pursuant to law, or by the consent of the accused, or through extreme or absolute necessity, as by illness or death, he has been put in jeopardy and cannot be prosecuted again in the same or

another court on the same charge; and the discontinuance of the prosecution is equivalent to a discharge, for the constitutional protection grants the defendant immunity against a second trial. [*People ex rel. Stabile* v. *Warden of City Prison*, 139 App. Div. 488; affd., 202 N. Y. 138; *People* v. *Goodwin*, 18 Johns. 187; *People* v. *Barrett*, 2 Caines, 304; *Shepherd* v. *People*, 25 N. Y. 406; *Kepner* v. *United States*, 195 U. S. 100.]   I am of opinion that the defendant was quite as much in jeopardy before the magistrate in the case at bar as if the prosecution had continued until the close of the evidence, and there had been a motion made for his acquittal, which was granted."

One test of former jeopardy is whether a defendant has actually been on trial and whether the court has a right to finally determine the issue and fix the punishment.   The offense here charged is one in which the court has summary jurisdiction.   (*People* v. *Meakim*, 133 N. Y. 214.)

The offense known as disorderly conduct covers a multitude of minor offenses.   The particular offense with which the relator was charged is known as jostling.   The magistrate had a right to finally dispose of the case.   That being so, having taken the testimony of the witnesses, he was required to dispose of the case in its entirety and could not refuse to do so.   There was former jeopardy in this case.

There are cases of disorderly conduct, such as that upon a public conveyance, under section 720 of the Penal Law, triable by a Court of Special Sessions.   In a prosecution under that section the hearing before the magistrate would not constitute a trial for the reason that he would have no summary jurisdiction.   We note this exception to the rule so that it may be understood we do not hold that in all disorderly conduct cases there would be former jeopardy under the circumstances here disclosed.

The writ of habeas corpus was the proper remedy under the circumstances (*People ex rel. Stabile* v. *Warden of City Prison*, 139 App. Div. 488; affd., 202 N. Y. 138), and the order appealed from should be reversed, the writ sustained and the relator released from custody.

FINCH, P. J., MERRELL and TOWNLEY, JJ., concur; McAVOY, J., taking no part.

Order reversed, the writ sustained and the relator released from custody.