THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CARL VIGILANTE, Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Queens, convicting defendant of a violation of sections 973 and 982 of the Penal Law, reversed on the law, information dismissed, and defendant discharged. Under the circumstances it cannot be said that defendant unlawfully possessed and controlled a machine prohibited under section 982 of the Penal Law, and that he kept a place for gambling as prohibited by section 973 of the Penal Law. Lazansky, P. J., Hagarty, Scudder, Tompkins and Johnston, JJ., concur. Judgment of the Court of Special Sessions of the City of New York, Borough of Queens, convicting defendant of a violation of the State Alcoholic Beverage Control Law, unanimously affirmed. No opinion. Present — Lazansky, P. J., Hagarty, Scudder, Tompkins and Johnston, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM MEYER, Respondent, v. WARDEN OF THE COUNTY JAIL, NASSAU COUNTY, Respondent; THE PEOPLE OF THE STATE OF NEW YORK, Appellant.— (Appeal No. 1.) In a habeas corpus proceeding, order sustaining writ and discharging the relator affirmed. (Appeal No. 2.) In a habeas corpus proceeding, orders sustaining writ and discharging the relator reversed upon the law, writ of habeas corpus dismissed, and relator remanded to the custody of the warden of the county jail of Nassau county. We have held in Appeal No. 1, in this case, that the relator's trial, conviction and sentence on Sunday were void, under section 5 of the Judiciary Law. We now hold that his discharge in the former proceeding does not prevent his now being tried for the same offense, as, in our opinion, it does not involve double jeopardy. In this case, there was no arbitrary action of the court in halting the trial without the relator's consent which would be in effect an acquittal. (*People ex rel. Stabile* v. *Warden, etc.*, 202 N. Y. 138; *People* v. *Goldfarb*, 152 App. Div. 870; affd., 213 N. Y. 664; *People ex rel. Cohen* v. *Collins*, 238 App. Div. 592.) On the contrary, the trial in the case at bar continued to the end without objection on the relator's part. Had he taken an appeal from the judgment, he could not have obtained his discharge upon the ground now urged, but would have been granted a new trial. His discharge in habeas corpus from imprisonment under the judgment of conviction can have no greater effect. He can obtain no immunity from prosecution merely by proceeding by habeas corpus rather than by appeal. Young, Hagarty and Scudder, JJ., concur; Lazansky, P. J., and Carswell, J., concur as to the order dated January 3, 1935, made by Mr. Justice Adel, upon the ground that the police justice had no jurisdiction to try the relator on Sunday for the offense of resisting a public officer, and dissent as to the orders dated respectively January 3 and 4, 1935, made by Mr. Justice Conway, upon the ground that on the second trial the relator was placed in double jeopardy.