THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* RUSSEL PEARSON and TIMOTHY HARRISON, Appellants.

Court of Special Sessions of the City of New York, Appellate Part, First Department, March 17, 1947.

*Joseph A. Macchia* and *Martin V. Callagy* for appellants.

*Frank S. Hogan, District Attorney* (*Sylvia Jaffin Singer* of counsel), for respondent.

DE LUCA, Ch. J.  The appellants herein have been convicted of disorderly conduct under subdivision 6 of section 722 of the Penal Law, and each sentenced to thirty days in the workhouse execution thereof suspended.  On this appeal, they do not contest the sufficiency of the evidence.  The only question raised is one of law, whether or not one who acts as an "accessory" or "accomplice" in the offense of disorderly conduct as charged herein can be convicted as a principal.  It is maintained that the definition of a principal appearing in section 2 of the Penal Law applies to crimes only, either felonies or misdemeanors, and that one who aids and abets in the commission of the offense of disorderly conduct, which is neither a felony nor

a misdemeanor, may not be convicted as a principal. (Citing *People* v. *Lookstein,* 78 Misc. 307.) We do not conclude that this section excludes the applicability of the rule that an accessory or an accomplice is deemed a principal to every penal offense not denominated a felony or misdemeanor.

The purpose of section 2 of the Penal Law was to abolish the common-law distinction in felony cases between a principal and an accessory before the fact. As to misdemeanors, it merely expresses the common-law rule in that type of crime as do sections 27 and 1936 of the Penal Law. (*People* v. *Bliven,* 112 N. Y. 79, 82–83.) It is significant to note that the offense of disorderly conduct was at one time a misdemeanor under our statutes. (Penal Code, § 675; L. 1881, ch. 676, as amd.) A portion of this Penal Code, section 675, is continued in our Penal Law, section 43, which provides that the commission of any lawful or wrongful act seriously disturbing or endangering the public peace is a misdemeanor. Disorderly conduct in the immediate view and presence of our State Legislature is also a misdemeanor. (Penal Law, § 1321.)

The conviction herein was had under section 722 which is found in article 70 of the Penal Law entitled "Disorderly Conduct" comprising sections 720–726, inclusive. Section 720 makes disorderly conduct on certain public conveyances a misdemeanor. "Eavesdropping" and the "Possession of stink bombs" are classified as misdemeanors (§§ 721, 726). Disorderly conduct under section 722 is not described as a misdemeanor.

These observations suffice to show that even under our present Penal Law the offense of disorderly conduct is at least closely related to the crime of misdemeanor. It is in the nature of a crime and has all the attributes of a crime. The same rules of law and procedure are followed with regard to it as in the case of a crime. The right to summary arrest exists; the complaint must be definite and state a specific charge; the burden of proving a defendant guilty is upon the People and must be established beyond a reasonable doubt; a trial on a charge of disorderly conduct constitutes jeopardy within the meaning of the Code of Criminal Procedure and the Constitution (*People* v. *Goldfarb,* 152 App. Div. 870, 874, affd. 213 N. Y. 664; *People ex rel. Cohen* v. *Collins,* 238 App. Div. 592); the punishment is substantial (Penal Law, § 723); such cases are considered criminal cases for purposes of appeal and the appeals are governed by the Code of Criminal Procedure. (*People* v. *Bellows,* 281 N. Y. 67, 72.)

The offense of disorderly conduct as defined in section 722 of the Penal Law requires proof of the commission of one or more of the acts therein set forth " with intent to provoke a breach of the peace, or whereby a breach of the peace may be occasioned * * *." It has its roots in the common law. (*People* v. *Phillips*, 284 N. Y. 235; *People* v. *Perry*, 265 N. Y. 362; *People* v. *Nixon*, 248 N. Y. 182.)

A breach of the peace is a common-law offense. (11 C. J. S., Breach of the Peace, § 2, p. 818.) It has been described as a common-law crime which in modern days has been provided for in statutes and ordinances under such names as " breach of peace " and " disorderly conduct " (May's Criminal Law [4th ed.], § 107, pp. 136–137), and described elsewhere as a common-law misdemeanor. (3 Burdick on Law of Crime, § 720; *People ex rel. Frank* v. *Keeper*, 38 Misc. 233, 236.)

At common law, in all offenses lower than felonies, there were no accessories; all who aided or abetted were principals. (*People* v. *Lyon*, 99 N. Y. 210, 215–216; *People* v. *Bliven*, 112 N. Y. 79, 83, *supra; Ward* v. *People*, 6 Hill 144; 2 Coke Institutes 183; 16 C. J., Criminal Law, § 101, n. 99.) In *Ward* v. *People* (*supra*, p. 186), the rule is stated as follows: " LORD COKE says that in the highest offense and lowest injury, there are no accessories; but all are principals; as in treason, petit larceny and trespass. (2 Inst. 183.) "

This rule regarding principals must necessarily have applied to the common-law misdemeanor of breach of the peace.

After this cursory examination into the nature and common-law background of the offense of disorderly conduct the proper decision on the point involved herein becomes obvious. These appellants acted as " lookouts " while the third codefendant placed his hand in the proximity of the victim's pocket in violation of subdivision 6 of section 722 of the Penal Law. By their participation in that manner they aided and abetted and made it possible for such codefendant to commit the offense with which all three were charged. In law they must be held to the same responsibility as the one who actually committed the prohibited act. To this effect was the holding in *People* v. *Sinclair* (86 Misc. 426, affd. 167 App. Div. 899) a conviction for disorderly conduct as an offense, wherein it was decided that a person is chargeable not alone with what he personally did, but with what he directed and caused others to do.

Accordingly, the judgments should be affirmed.

CURRAN and OLIVER, JJ., concur.

Judgments affirmed.