In the Matter of JULIAN B. ERWAY, as District Attorney of Albany County, Petitioner, against KENNETH S. MACAFFER, Individually and as a Justice of the Supreme Court, et al., Respondents.

Third Department, July 2, 1953.

*Julian B. Erway, District Attorney (Philip G. Coffey, Jr.,* of counsel), petitioner.

*Ernest B. Morris* and *Donald A. MacHarg* for George Warnock and another, respondents.

FOSTER, P. J. This is an application by the District Attorney of Albany County for an order in the nature of prohibition under article 78 of the Civil Practice Act.

On October 10, 1952, an information was laid before a Police Court Justice in the city of Albany charging the respondent, George Warnock, with the offense of disorderly conduct, in violation of subdivision 3 of section 722 of the Penal Law. Thereafter a Justice of the Supreme Court granted a certificate, pursuant to section 57 of the Code of Criminal Procedure, certifying that it was reasonable that the said charge should be removed from the exclusive jurisdiction of the Police Court of Albany and be prosecuted by indictment.

The essence of the dispute here is whether disorderly conduct as charged under section 722 of the Penal Law is a crime within the meaning of section 57 of the Code of Criminal Procedure. If it is not a crime within the meaning of that section the Supreme Court acted in excess of its jurisdiction in directing a removal.

Section 56 of the Code of Criminal Procedure lists a number of misdemeanors, offenses, violations of ordinances and infractions that.are, in the first instance, within the exclusive jurisdiction of courts of special sessions outside the City of New York, subject however to the power of removal provided for in section 57. The offense of disorderly conduct as defined by section 722 of the·Penal Law is one of the matters so listed.

Section 57 provides: " Upon filing with the magistrate, before whom is pending a charge for any of the *crimes* specified in section fifty-six, a certificate of the county judge of the county, or of any justice of the supreme court, that it is reasonable that such charge be prosecuted by indictment * * * all proceedings before the magistrate shall be stayed * * * ". (Italics supplied.)

Disorderly conduct as defined by section 722 of the Penal Law is not designated as a crime but as an offense, although there is no doubt that the Legislature might have labelled it a crime. In fact disorderly conduct under section 720 of the same article is classified as a misdemeanor. Respondent Warnock, however, was not charged with a violation of that section, and we are limited to a consideration of a situation arising from a charge made under section 722, where different language is used.

Aside from the language of the statute itself the great weight of judicial authority is to the effect that an offense committed thereunder is not a crime (*People ex rel. Burke* v. *Fox,* 205 N. Y. 490; *People ex rel. Cohen* v. *Collins,* 238 App. Div. 592; *People* [*Mulhern*] v. *Kaufman,* 165 Misc. 670). It is true that disorderly conduct has all the attributes of a crime except that of nomenclature (*People* v. *Pearson,* 188 Misc. 744); and it is difficult to defend with logic the proposition that such an offense, which may lead to six months' imprisonment, is not a crime. In that connection the language of Judge CULLEN (*Steinert* v. *Sobey,* 14 App. Div. 505, 508) may be quoted: "It thus appears that, however inaccurate or illogical the distinction may be, summary proceedings for petty offenses leading to disorder have been considered, not as prosecutions for crimes, but offenses against police regulations ". This language was quoted with approval in *People ex rel. Burke* v. *Fox* (*supra*). A similar distinction was emphasized in *People ex rel. Stolofsky* v. *Superintendent* (259 N. Y. 115) which held in substance that one convicted of vagrancy, although not guilty of a crime, was guilty of a criminal offense.

Disorderly conduct under section 722 of the Penal Law was added to section 56 of the Code of Criminal Procedure by chapter 311 of the Laws of 1936. At that time the opening sentence of section 56, referring to the exclusive jurisdiction of courts of special sessions subject only to the power of removal provided in section 57, used only the term " misdemeanors ". The Justice who issued the certificate herein held that the Legislature must have intended thereby to make a charge under

section 722 removable under section 57. This theory might have considerable weight were it not for the fact that the Legislature amended the opening paragraph of section 56, by chapter 368 of the Laws of 1948, to include '' offenses, violations of ordinances and infractions '', while still retaining the word '' crimes '' in section 57 providing for the removal of charges pending in courts of special sessions. This we conclude was clear legislative recognition of a distinction between crimes and offenses.

The motion for an order in the nature of prohibition should be granted without costs and certificate of removal annulled.

BERGAN, COON, HALPERN and IMRIE, JJ., concur.

Motion for an order in the nature of prohibition granted, without costs, and certificate of removal annulled.