Charles BABOURIS, Plaintiff-Appellant,

v.

P. A. ESPERDY, District Director of Immigration and Naturalization for the District of New York, Defendant-Appellee.

No. 267, Docket 25472.

United States Court of Appeals Second Circuit.

Argued April 16, 1959.

Decided Aug. 18, 1959.

622

Samuel Weinreb, Far Rockaway, Queens, N. Y., for plaintiff-appellant.

Charles J. Hartenstine, Jr., Sp. Asst. U. S. Atty., New York City (Arthur H. Christy, U. S. Atty., Southern District of New York, New York City, on the brief), for defendant-appellee.

Before CLARK, Chief Judge, and SWAN and MOORE, Circuit Judges.

LEONARD P. MOORE, Circuit Judge.

Plaintiff appeals from an order granting appellee's motion for summary judgment and denying appellant's motion to enjoin his deportation pending the outcome of his suit for judgment declaring him not deportable.

Appellant, a native and national of Greece, last entered the United States on October 15, 1920. On two occasions subsequent to entry he has been convicted of disorderly conduct in violation of section 722, subd. 8 of the New York Penal Law, McKinney's Consol.Laws, c. 40, providing that one who "with intent to provoke a breach of the peace, or whereby a breach of the peace may be occasioned, * * * Frequents or loiters about any public place soliciting men for the purpose of committing a crime against nature or other lewdness; * * * shall be deemed to have committed the *offense* of disorderly conduct:" (emphasis added).

A Special Inquiry Officer of the Immigration and Naturalization Service, after a hearing, ordered appellant to be deported on the ground that he had been after entry "convicted of two crimes involving moral turpitude" within the meaning of section 241(a) (4) of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1251(a) (4). The Officer rejected appellant's argument that a violation of section 722 is an "offense" and not a "crime" as a matter of New York law, and therefore is not a "crime"

as that word is used in the deportation statute. The Board of Immigration Appeals sustained the ground of deportation and dismissed appellant's appeal from the decision of the Special Inquiry Officer.

In denying appellant's motion Judge Bicks relied upon United States v. Flores-Rodriguez, 2 Cir., 1956, 237 F.2d 405, 409, in which this court held that a violation of section 722, subd. 8 is a " 'crime or misdemeanor' involving moral turpitude" for purposes of the alien exclusion statute, 8 U.S.C.A. § 136 (1946 Ed.), now superseded by 8 U.S.C.A. § 1182. The appellant in that case cited New York cases holding that the offense in issue was neither a "crime" nor a "misdemeanor," but the court found that the cited decisions had been concerned with defining the jurisdiction of inferior magistrates' courts, as opposed to those having wider jurisdiction over criminal conduct. It noted that the meaning of a commonly used word such as "crime" in an Act of Congress should not be unnecessarily circumscribed by New York decisions defining the jurisdictional limits of inferior state courts. This court did not believe that Congress had intended that aliens guilty of identical misconduct should be excludable if convicted in the District of Columbia or in many of the states, where such conduct is punishable as a felony, crime or misdemeanor, but should not be excludable if convicted in New York, where such conduct is described as an offense.

Appellant cites People ex rel. Erway v. MacAffer, Third Dept., 1953, 282 App. Div. 287, 123 N.Y.S.2d 204, for the proposition that a violation of section 722 is not a crime under New York law. That case, however, merely determined that such a violation was not a crime within the meaning of section 57 of the New York Code of Criminal Procedure, which provides for the removal of charges pending in courts of Special Sessions. It is the type of decision which was in Flores-Rodriguez, supra, held ineffectual to limit the meaning of the word "crime" in the exclusion statute.

Although it may be that deportation statutes should be more strictly construed than exclusion statutes, there is no merit to appellant's contention that an alien having the same record of misconduct would be eligible for admission to the United States under section 212(a) (10). Such an alien would be ineligible under section 212(a) (9), 8 U.S.C.A. § 1182(a) (9), which provides that "Aliens who have been convicted of a crime involving moral turpitude * * *" shall be excluded from admission. This provision replaced that construed in Flores-Rodriguez, supra, and is identical in all respects here material. The fact that the word "offense" appears in 8 U.S.C.A. § 1182(a) (10) does not evidence any intent by Congress to limit the meaning of the word "crime" in the preceding subparagraph.

United States v. Flores-Rodriguez, supra, was correctly decided and the principles of construction on which it rests are equally applicable here. It is not to be supposed that Congress intended an alien's deportability to be determined by the various classifications of misconduct evolved by the states for jurisdictional or other internal application. As the court said in People ex rel. Erway v. MacAffer, supra [282 App.Div. 287, 123 N.Y.S.2d 206], "It is true that disorderly conduct has all the attributes of a crime except that of nomenclature, * * * and it is difficult to defend with logic the proposition that such an offense, which may lead to six months imprisonment, is not a crime."

Appellant stresses the comparatively trivial sentences imposed upon him. The sentence imposed, however, does not qualify or alter the nature of the crime. Congress in the statute enacted did not condition deportation upon the degree of moral turpitude or upon the sentence.

The order is affirmed.

CLARK, Chief Judge (concurring).

Our holding, as I understand it, is that the offense here immediately in issue is a crime "involving moral turpitude," as

that phrase is used in § 241(a) (4) of the Immigration and Nationality Act of 1952, 8 U.S.C. § 1251(a) (4). We do not hold, however, or even suggest or intimate, that a conviction for violation of any of the other paragraphs of this broad state statute, which cover disorderly conduct, simple assaults, etc.—all without the benefit of trial to a jury—is a ground for deportation under the Federal Act. Compare Holzapfel v. Wyrsch, 3 Cir., 259 F.2d 890, and Gubbels v. Hoy, 9 Cir., 261 F.2d 952.