Lawrence H. Cooke, J.
Defendants, indicted for violating subdivision 11 of section 722 of the Penal Law, move to dismiss on the ground that the County Court Grand Jury did not have jurisdiction to present the indictment in question.
Section 56 of the Code of Criminal Procedure provides in part: “ Subject to the power of removal provided for in sections fifty-seven and fifty-eight and subject to being divested of jurisdiction as provided in section fifty-nine, and subject to the prior jurisdiction of the youth court, courts of special sessions, outside the city of New York, have in the first instance exclusive jurisdiction to hear and determine charges of misdemeanors, offenses, violations of ordinances and infractions committed within their respective counties, as follows: * * * 29-a. The offense of disorderly conduct as defined by section seven hundred twenty-two of the penal law, and all other offenses not constituting crimes except those for which other jurisdictional provisions are elsewhere made.”
Section 39 of said code entitled “ Jurisdiction ” reads in part as follows: “ 1. Subject to the prior jurisdiction of the youth court, to inquire by the intervention of a grand jury of all crimes committed or triable in the county; but in respect of such minor crimes, as courts of special sessions, police courts or city courts have jurisdiction to hear and determine, the jurisdiction of the county court attaches only upon removal to the county court or presentment of an indictment in accordance with sections fifty-seven, fifty-eight and fifty-nine.”
Section 59 of said code, entitled “ When courts of special sessions, police courts and city courts in the state of New York may be divested of jurisdiction ”, provides: “A court of special sessions, police court or city court of any city, town or village shall be divested of jurisdiction to proceed with the hearing and determination of any charge of misdemeanor if, before the commencement of the trial of any person accused of a misdemeanor, a grand jury shall present an indictment against the same person for the same offense. If the district attorney, before commencement of the trial of any charge of misdemeanor, moves for the adjournment of the proceeding for the purpose of presenting the charge to the. next grand jury, the court shall *232 adjourn the hearing and determination of the charge until the discharge of the next grand jury. ’ ’
It appears here that defendants were charged with the misdemeanor of being a common gambler in violation of section 970 of the Penal Law in a Court of Special Sessions, that before the commencement of the trial the District Attorney moved for an adjournment of the proceeding for the purpose of presenting the charge to the Grand Jury and that the Grand Jury presented the indictment in question charging defendants with a violation of section 722 of the Penal Law, an offense commonly known as disorderly conduct. Under section 59 of the Code of Criminal Procedure, the Court of Special Sessions would have been divested of jurisdiction to proceed with the common gambler charge (a misdemeanor) if, before commencement of the trial, the Grand Jury had presented an indictment charging the same offense. But, here, the Grand Jury did not present an indictment charging the same offense- — -it charged disorderly conduct, the elements of which are different than that of being a common gambler. The misdemeanor of being a common gambler and the offense of disorderly conduct are not the same offenses in fact and in law. One is not includable in the other. The decision in People v. Weinstock (21 Misc 2d 14) quotes from Corpus Juris Secundum (Vol. 22, Criminal Law, § 278, p. 414) a part of which reads: “ The term ‘ same offenses ’, however, does not signify the same offense eo nomine, but the same criminal act, transaction or omission”. The same criminal act, transaction or omission is not involved in being a common gambler as in subdivision 11 (Penal Law, § 722) of the disorderly conduct charge. Disorderly conduct is not the same offense as being a common gambler.
Further support for this position is found in an analysis of subdivision 1 of section 39 of the Code of Criminal Procedure and the unanimous decision of the Appellate Division, Third Department, in Matter of Erway v. MacAffer (282 App. Div. 287). It is noted that in effect subdivision 1 of said section 39 provides that County Courts have jurisdiction to inquire by the intervention of a Grand Jury of all crimes committed or triable in the county — but, in respect to such minor crimes as Courts of Special Sessions, Police Courts, or City Courts have jurisdiction to hear and determine, the jurisdiction of the County Court attaches only upon removal to the County Court or presentment of an indictment in accordance with sections 57, 58 or 59 of the code.
Section 57 of the code provides: “ Upon filing with the magistrate, before whom is pending a charge for any of the *233 crimes specified in section fifty-six, a certificate of the county judge of the county, or of any justice of the supreme court, that it is reasonable that such charge be prosecuted by indictment * * * all proceedings before the magistrate shall be stayed ”. The Appellate Division in Matter of Erway v. MacAffer (supra), held that disorderly conduct as charged under section 722 of the Penal Law is not a crime within the meaning of section 57 of the Code of Criminal Procedure and that it was error to grant a certificate that said charge be prosecuted by indictment. Referring to said section 722 of the Penal Law, the court said:
‘ ‘ Aside from the language of the statute itself the great weight of judicial authority is to the effect that an offense committed thereunder is not a crime ’ ’.
Motion to dismiss granted. The District Attorney is directed to proceed with the common gambler charge in the Court of Special Sessions, if he so elects.