**Robert E. WYNGAARD, Plaintiff,**

v.

**William P. ROGERS, Attorney General of the United States, Defendant.**

**Civ. A. 3267-59.**

United States District Court
District of Columbia.

Sept. 30, 1960.

Jack Wasserman, David Carliner and Chester C. Shore, Washington, D. C., for plaintiff.

Oliver Gasch, U. S. Atty., Edward P. Troxell, John F. Doyle and Gil Zimmerman, Asst. U. S. Attys., Washington, D. C., for defendant.

HOLTZOFF, District Judge.

This is an action for a declaratory judgment to review an order of the Attorney General directing the deportation of the plaintiff on the ground of convictions of crimes involving moral turpitude. The facts are not in dispute and

only a question of law is involved. Both sides move for a summary judgment.

One of the convictions on which the deportation order is predicated is a conviction in New York State under Section 722 of the New York Penal Law, McKinney's Consol.Laws, c. 40, on a charge of frequenting or loitering about any public place and soliciting men for the purpose of committing a crime against nature or other lewdness. This offense is denominated in New York Penal Law as disorderly conduct. New York statutes distinguish between crimes and offenses and the violation of law involved in this case is classified as an offense. It is argued on behalf of the plaintiff that the conviction on this charge cannot be regarded as a conviction of a crime involving moral turpitude under the deportation statutes.

This precise question has been before the Second Circuit which held in two cases that a conviction under this New York statute is a conviction of a crime involving moral turpitude, Babouris v. Esperdy, 2 Cir., 269 F.2d 621, and United States v. Flores-Rodrigues, 2 Cir., 237 F.2d 405, 409. The Second Circuit very cogently argues that what constitutes a crime involving moral turpitude is a Federal question and is not dependent on the manner in which State law classifies the violation of law. It is not the nomenclature or the label attached by state codes that governs, but the nomenclature and the definitions of the Federal statutes.

This Court is convinced by the reasoning of the Second Circuit and will follow the conclusion reached by that eminent tribunal. Under the circumstances, this Court concludes that the plaintiff's conviction to which reference has been made is a conviction of a crime involving moral turpitude, and for that reason on the record in this case the plaintiff is deportable.

Plaintiff's motion for summary judgment will be denied and the defendant's motion granted.

You may submit order.