Irving Goldman, J.
Defendant was charged with a violation of subdivision 1 of section 1192 of the Vehicle and Traffic Law, in unlawfully and knowingly operating a motor vehicle while his ability to operate such motor vehicle was impaired by the consumption of alcohol.
This is a new section of the Vehicle and Traffic Law which became effective October 1, 1960. The arrest was made one hour and five minutes after this new law went into effect.
The information charges that the defendant drove a 1948 Pontiac sedan on a street in the City of Plattsburgh while his ability was impaired by alcohol; that the police officer observed that the defendant’s eyes were bloodshot and he was not steady on his feet. It further alleges that the defendant admitted having been drinking. Attached to the information was a Police Department form stating that the defendant refused to take the blood test required by section 1194 of the Vehicle and Traffic Law.
Defendant, through his counsel, moved that the information be dismissed arguing that new section 1192 recites that “No conviction shall be had under this subdivision after entry of a plea of not guilty unless it is shown by means of a chemical test * * * that there was * * * ten-hundredths of one per centum or more by weight of alcohol in his blood” (italics supplied); that since no chemical test was available to establish the minimum percentage of alcohol required by the statute, a dismissal must follow.
In view of the specific language of the statute, which requires that no conviction may be had except by evidence resulting from a chemical test of the vehicle operator’s blood, the court feels it has no choice but to dismiss the information, since from the information and attached papers it appears that no blood test was ever made. The fact of the defendant’s refusal is undisputed.
It does not necessarily follow that violators of this new section have found a means of escaping a penalty by refusing to take a blood test. It may very well be that the Legislature, by holding the courts to this requirement of proof for conviction, felt that the administration of punishment should be left to the Bureau of Motor Vehicles in its administrative capacity, to suspend or revoke licenses for failing to take blood tests as required by section 1194 of the Vehicle and Traffic Law. While the penalty for a violation of subdivision 1 of section 1192 is a 60-day suspension of the operator’s license, under section 1194, the Commissioner of Motor Vehicles is empowered to revoke the operator’s license after a hearing, and temporarily suspend *219 it without notice pending the determination upon such hearing. Thus, the penalty faced by an operator, recalcitrant to take a blood test, is much more severe than that imposed by subdivision 1 of section 1192.
The defendant further moved that the information be dismissed contending that the section, as written, is unconstitutional by reason of the narrow limits prescribed for proof and in the mandatory conclusion to be reached from an arbitrary standard established, i.e., the 10/100 of 1% of alcohol by weight in the blood.
Since the defendant’s motion to dismiss is being granted on other grounds, it is unnecessary for this court to pass upon the section’s constitutionality.
Accordingly, the information is dismissed, the bail posted ordered remitted, and the operator’s license and registration, suspended pending the instant hearing, returned.