**Granville George HUDSON, Plaintiff-Appellant,**

v.

**P. A. ESPERDY, as District Director of the Immigration and Naturalization Service for the New York District, Defendant-Appellee.**

**Carlos Asdrubal MATOS–JORDAN, Plaintiff-Appellant,**

v.

**P. A. ESPERDY, as District Director of the Immigration and Naturalization Service for the New York District, Defendant-Appellee.**

Nos. 348–349, Docket 26728, 26750.

United States Court of Appeals
Second Circuit.

Argued May 22, 1961.

Decided June 1, 1961.

**880**

Joseph J. Allen, New York City, for appellant Hudson.

Arthur J. Galligan, of Dickstein, Shapiro & Galligan, New York City, for appellant Matos-Jordan.

Charles J. Hartenstine, Jr., Spec. Asst. U. S. Attorney, Southern District of New York, New York City (Robert M. Morgenthau, U. S. Atty., S. D. N. Y., New York City, on the brief), for appellee.

Before CLARK, HINCKS and WATERMAN, Circuit Judges.

PER CURIAM.

The appellants had each been ordered deported on the ground that he had "been convicted of a crime involving moral turpitude" within the meaning of Section 212(a) (9) [8 U.S.C. § 1182(a) (9)] and Section 241(a) (1) and (4) [8 U.S.C. § 1251(a) (1) and (4) ] of the Immigration and Nationality Act of 1952, in that he had been convicted of "the offense of disorderly conduct" as particularly defined in New York Penal Law, § 722(8). Actions for review of these orders were brought. The said convictions under the New York Penal Law having been admitted, the court below dismissed the actions on the authority of Babouris v. Esperdy, 2 Cir., 269 F.2d 621, certiorari denied 362 U.S. 913, 80 S.Ct. 662, 4 L.Ed.2d 620, and United States v. Flores-Rodriguez, 2 Cir., 237 F.2d 405, and these appeals resulted.

The action below was right. Nothing said on these appeals persuades us to recede from the holding of the cases cited. But, as in the Babouris case, we limit our affirmance to the specific case here of a violation of subd. 8 of N.Y.Penal Law § 722, defining a particular offense of loitering about a public place soliciting men "for the purpose of committing a crime against nature or other lewdness," and do not hold that a conviction of other offenses under this very broad state statute, such as simple assault, is a ground for deportation under the Federal Act.

The contention that the holding in the cases above-cited gives the Immigration and Nationality Act an interpretation so vague as to be in conflict with the Fifth Amendment, is without merit. Jordan v. DeGeorge, 341 U.S. 223, 71 S.Ct. 703, 95 L.Ed. 886.

Equally without merit is the claim that our decisions conflict with the Tenth Amendment. For our decisions turn upon an interpretation of the Federal statute: they do not assume to affect the application of state law to subject matter which is properly within its sphere. Lapina v. Williams, 232 U.S. 78, 34 S.Ct. 196, 58 L.Ed. 515; United States ex rel. Zapp v. District Director, 2 Cir., 120 F.2d 762.

Affirmed.