MATTER OF P—

In DEPORTATION Proceedings

A-8421656

*Decided by Attorney General May 24, 1961*

Recommendation against deportation—Effective when made at time of re-
sentencing unless sole purpose in granting *coram nobis* was to provide
opportunity for recommendation.

If the court's *sole* basis in granting a writ of error *coram nobis* is to provide
an opportunity to make a recommendation against deportation, the subse-
quent recommendation is ineffective. If it is clear that this is not the sole
basis upon which the court acted—as when *coram nobis* is granted because
of a constitutional defect in the prior conviction—the recommendation against
deportation made following retrial satisfies the requirement in section
241(b) of the Act that it must be made at the time of "first imposing judg-
ment." (Overrules *Matter of P—*, 8—689.)

### BEFORE THE ATTORNEY GENERAL

**DISCUSSION:** This deportation matter is before me pursuant to
a certification under 8 CFR 3.1(h)(1)(i) for a review of the order
of the Board of Immigration Appeals dated June 21, 1960, re-
versing the special inquiry officer and directing the respondent's
deportation.

The proceeding arises under section 241(a)(4) of the Immigra-
tion and Nationality Act, 66 Stat. 204, as amended, 8 U.S.C. 1251
(a)(4), providing for the deportation of any alien—

\* \* \* who at any time after entry is convicted of two crimes involving moral
turpitude, not arising out of a single scheme of criminal misconduct, regard-
less of whether confined therefor and regardless of whether the convictions
were in a single trial.

The respondent was admitted to the United States for permanent
residence in 1952. He was convicted of disorderly conduct in vio-
lation of section 722(8) of the Penal Law of New York in Septem-
ber 1954, and again in March 1959. The charges involved homo-
sexual acts. It is conceded that the offenses constitute crimes involv-
ing moral turpitude. See *Babouris* v. *Esperdy*, 269 F.2d 621 (C.A.
2, 1959), cert. den. 362 U.S. 913.

The 1959 conviction was set aside by the New York trial court
on a writ of error *coram nobis*. On October 2, 1959, the respondent

293

was retried and again convicted on his plea of guilty. At this second trial the court recommended against his deportation. Section 241(b) of the Immigration and Nationality Act, 66 Stat. 208, 8 U.S.C. 1251(b), provides that an alien subject to deportation under section 241(a)(4) shall not be deported—

* * * if the court sentencing such alien for such crime shall make, at the time of first imposing judgment or passing sentence, or within thirty days thereafter, a recommendation to the Attorney General that such alien not be deported, due notice having been given prior to making such recommendation to representatives of the interested State, the Service, and prosecution authorities * * *.

The question is whether the recommendation of the court against deportation satisfies the requirement of section 241(b) that to be effective it must be made "at the time of first imposing judgment or passing sentence." The Board of Immigration Appeals has concluded that the time of first imposing judgment occurred in March 1959, holding that under the rule in *United States ex rel. Piperkoff* v. *Esperdy*, 267 F.2d 72 (C.A. 2, 1959), the *coram nobis* proceeding had no effect for the purpose of section 241(b). In that case the court stated that section 241(b)

* * * announces a federal standard for the determination of what constitutes the first entry of judgment or the passing of sentence. While we may assume that in many or even most cases that standard incorporates and adopts the relevant state law, we hold that it does not do so where the sole basis for the vacation and reentry of judgment is to repair the omission to make the statutory recommendation against deportation permitted by § 1251(b) [sec. 241(b)]. To hold otherwise would be to defeat the plain command of the statute, which strictly, and for good purpose, limits the time within which the extraordinary power vested in the trial court must be exercised. * * * [267 F.2d at page 75]

The Board's "examination of the various steps in the *coram nobis* proceeding, particularly the reference to deportation and the plea of guilty upon rearraignment," led it to the conclusion that the proceeding was "for the sole purpose of petitioning the court to make the statutory recommendation against deportation * * *" and it was, therefore, untimely and ineffectual.

Although the Board's decision is somewhat unclear, it apparently was of the view that under *Piperkoff* the test is the accused's motive—Was the *accused's* "sole purpose" in seeking *coram nobis* to obtain a recommendation against deportation? As I read *Piperkoff*, the test to be applied under section 241(b) in *coram nobis* cases is whether *the court's* "sole basis" for granting *coram nobis* was to make the statutory recommendation against deportation. The accused's motives or purposes in seeking *coram nobis* are immaterial, except insofar as they throw light upon the court's basis for vacating the conviction.

The record shows the following. In his petition for *coram nobis*, the respondent set forth three grounds for seeking the writ: (1) at the time of pleading guilty to the March 1959 offense he was not represented by counsel; (2) having requested that the charges be translated into German and been refused, he was unable to understand the charges against him; and (3) the conviction could result in his deportation. At the hearing on the petition, only the first two grounds were urged. There was no mention of deportation. The state district attorney, agreeing that the trial proceeding raised a substantial question of waiver of counsel and failure to understand the charges, did not oppose granting the writ. The court vacated the conviction and set the case for retrial. As indicated above, the respondent subsequently pleaded guilty and was again convicted on October 2, 1959.

On the basis of these established facts, I have no difficulty in concluding that the opportunity to recommend against deportation was not the court's "sole basis" for vacating the March 1959 conviction. Although the court did not announce the basis for its decision, it is clear that it granted *coram nobis* because of a constitutional defect in the prior conviction.[1]

It, therefore, follows that for the purpose of section 241(b) the March 1959 judgment of conviction has no significance. The time of "first imposing judgment" was October 2, 1959, and the court's recommendation against deportation at that time satisfied the statutory requirement. Accordingly, the Board's order of June 21, 1960, is reversed.

---

[1] Under the New York Constitution, the accused has a right to be represented by counsel at any trial, and to be informed of the charges against him. N.Y. Constitution, Art. I, sec. 6. New York courts have recognized *coram nobis* as a proper procedure for attacking convictions where the accused was not represented by counsel. *People* v. *McCullough*, 300 N.Y. 107, 89 N.E.2d 335 (1948); *Bojinoff* v. *People*, 299 N.Y. 145, 85 N.E.2d 909 (1949). A New York court also found that a refusal to reread the charges to a defendant who was unable to understand them the first time, was a denial of due process. *People* v. *Tator*, 189 Misc. 523, 71 N.Y.S.2d 577 (County Ct., 1947).