Beet B. Lockwood, J.
This is an application under section 57 of the Code of Criminal Procedure for an order certifying that certain charges against the four above-named defendants be prosecuted in Supreme Court by indictment instead of trial before the Courts of Special Sessions. The only issue before this court is whether it is reasonable that the charges against the above-named defendants be presented by indictment. This court is limited to the inquiry as to whether some cause exists which is likely to prejudice the rights of the accused or injuriously affect the impartial administration of justice. It would appear from the moving papers that the reasons for such removal relied upon by the defendants are as follows:
1. That there will be rulings on intricate and technical questions of law requiring a trial before a jurist who is a lawyer and who has the capacity and legal knowledge to rule upon the admissibility of the evidence and to intelligently guide and instruct the jury.
2. That the defendant in each case intends to call a large number of witnesses for the purpose of refuting the charges made against them and that the trial in each case will take several days and that a Justice of the Peace is not eqiupped legally to handle such lengthy and complicated trials.
3. That both the Justices of the Peace before whom the cases are pending have been active participants in indignation meetings sponsored by the Marey Town Board of which board they are members, and that their public utterances have displayed resentment toward the State Power Authority’s legal project and that they cannot judicially and impartially preside at trials involving these defendants; that public sentiment in the Town of Marcy has been so aroused and distorted by all that has transpired that the defendants cannot obtain a fair trial whether the cases are heard before the court or whether a jury is impaneled from town residents.
This court is not impressed with the first two reasons for removal urged by the defendants. The violations are simple *72 and simply charged. One is for' assaulting another and ..the other charge is for committing an act of disorderly conduct and these cases do not involve intricate questions of law.
This court is, however, concerned with the third reason urged by the defendants, namely, that a fair trial cannot be had before the Peace Justices before whom the cases are pending or by a jury impaneled from the residents of . the- Town of Marcy. Each Peace Justice has sworn in his affidavit that he believes each defendant can and will receive a fair and impartial trial in his court. This court does not question the fact that each Peace Justice will do his utmost to see that fair and impartial justice is administered in these cases. However, this court must consider these cases in the light of the allegations of, and supporting papers submitted by, the respective parties which are before this court.
Attached to the moving papers are copies of many newspaper articles from which one must logically conclude there has existed during the past year or two among many of the residents of the Town of Marcy a strong and bitter resentment against the State Power Authority and the manner ih which their officials, contractors and employees have been carrying out the work of the project in the Town of Marcy. The said newspaper articles further indicate that both Peace Justices in the Town of Marcy were, during the period in question, members of the Town Board and have been active participants in the dispute between the residents of the Town of Marcy and the State Power Authority. Both Peace Justices submitted opposing affidavits but neither affidavit denied or questioned any of the information contained in these newspaper articles and the court must therefore assume the information contained in these articles to be accurate.
The Appellate Division, in the case of Arkwright v. Steinbugler (283 App. Div. 397, 398) stated: “ Counsel for the defendant, while disclaiming any intention to infer that any justice of the Supreme Court would be other than impartial, has nevertheless asserted that in view of plaintiff’s position and his ‘ close brotherly friendship with all the Justices on the Bench ’, it might be difficult for any justice presiding at the trial to maintain an absolutely impartial attitude. The learned Justice at Special Term, before whom the -motion came on to be heard, although of the opinion that an impartial trial could be had in . Kings County, granted the motion in-view of the-close friendship which existed between plaintiff-' and -his associates of the bench, and because of the embarrassment which might *73 result, if one of plaintiff’s asswiates should he called upon to preside ¿t.the trial.”
True or false, the charges set- forth by these defendants, in the event of convictions, would inevitably leave the shadow of distrust and resentment to hover over the whole proceeding. It is reasonable for this court to attempt to avoid such a result.
The Court of Appeals of this State, in an opinion written for a unanimous court by Lehman, J., in April, 1937, in People v. Robinson (273 N. Y. 438), reiterated in emphatic terms, in reversing a conviction by a lower court, the right of a defendant to a fair trial. The court said (pp. 444, 446):
“ An accused is entitled to a fair trial. Our rules of law are intended to guarantee to him that right' and to afford him protection against its invasion. * * *
“ Judges trained by years of experience to base decision solely upon competent evidence contained in the record are not always completely confident of their ability to disregard and remain uninfluenced by information, or even impressions, conveyed to them dehors the record. * * s
“ ‘ We must give to any defendant the right to be tried for the crime with which he is charged, and upon evidence proving or tending to prove that crime, uninfluenced by irrelevant facts and circumstances which tend to prejudice or mislead the jury. Issues must be left clear, not smothered or in a haze. ’ (People v. Posner, 273 N. Y. 184,190, opinion by Crane, Ch. J.)”
The opposing affidavits also show that on June 20, 1960, charges of assault third degree were brought against two property owners as a result of violence that took place in the Town of Marcy. The cases were originally pending in Justices’ Court in the Town of Marcy but were thereafter removed therefrom and the cases were presented to the Oneida County Grand Jury. On the basis of the foregoing, this court concludes the best interests of justice would be served if these cases were removed from the Courts of Special Sessions of the Town of Marcy.
It is logical that the foregoing reasoning should apply to all of the above defendants and that if one of the cases is entitled to be removed that all should be entitled to be removed. This is not the situation, however. The Legislature has seen fit to limit the authority of the Supreme and County Courts under section 57 of the Code of Criminal Procedure to the removal of cases against defendants charged only with crimes and not with offenses, even though the offense of disorderly conduct as defined by section 722 of the Penal Law which, may lead to sis months’ imprisonment, is not a crime. The limitations of section 57 were clearly brought to the Legislature’s attention in *74 1953 in a decision written by Justice Foster (Matter of Erway v. MacAffer, 282 App. Div, 287) who was then Presiding Justice of the Appellate Division, Third Department, and who is now a member of the Court of Appeals. In this decision the Appellate Division was reviewing the action of a Supreme Court Justice who had issued a certificate pursuant to section 57 of the Code of Criminal Procedure and who had held that the Legislature must have intended to make a charge under section 722 removable under section 57. In this opinion i.e., Matter of Erway v. MacAffer, the court stated as follows (pp. 289-290) “ Disorderly conduct under section 722 of the Penal Law was added to section 56 of the Code of Criminal Procedure by chapter 311 of the Laws of 1936. At that time the opening sentence of section 56, referring to the exclusive jurisdiction of courts of special sessions subject only to the power of removal provided in section 57, used only the term ‘ misdemeanors ’. The Justice who issued the certificate herein held that the Legislature must have intended thereby to make a charge under section 722 removable under section 57. This theory might have considerable weight were it not for the fact that the Legislature amended the opening paragraph of section 56, by chapter 368 of the Laws of 1948, to include ‘ offenses, violations of ordinances and infractions ’ while still retaining the word ‘ crimes ’ in section 57 providing for the removal of charges pending in courts of special sessions. This we conclude was clear legislative recognition of a distinction between crimes and offenses.”
In view of the foregoing, this court must and hereby does deny the applications of the defendants Eugene M. Downing and Clarence Fralick for the reason this court does not have the authority to remove these cases under section 57 of the Code of Criminal Procedure inasmuch as the violations for which these defendants are charged under section 722 of the Penal Law are offenses and not crimes.
As to the remaining three cases, the court finds it to be its duty, under the law, to issue the certificates provided by section 57 of the Code of Criminal Procedure. Accordingly, this court certifies that it is reasonable that the charges against the defendant, James J. Pasmussen and the defendant, Harry T. Dyer, namely, assault third degree in violation of subdivision 1 of section 244 of the Penal Law, which the Legislature has classified as a crime, be prosecuted by indictment instead of before the Justice of the Peace. Bail will be fixed on notice to. the District Attorney.