John J. Walsh, J.
The burden is upon the accused to demon-
strate the necessity and reasonableness of the certificate of removal. While the statute does not set forth criteria, the leading ease of People v. Rosenberg (59 Misc. 342) sets forth the customary factors which may be considered:
1. The case presents intricate and complicated questions of fact.
2. That the case presents difficult questions of law.
3. That a property right is involved.
4. That a decision may be far-reaching in its effect and may become a precedent which will regulate a matter of general interest.
5. That the case is of exceptional character, and that the defendant, for some special reason, cannot have a fair trial in the Court of Special Sessions.
Defendant does not question that he would have a fair trial before the Trial Justice and a jury in the Court of Special Sessions. He relies solely upon the unusual factors in his case which present a difficult question of law, perhaps never before passed upon, and that the decision may become a precedent.
*708 Defendant was seriously injured on September 22, 1961, and while being hospitalized, blood was taken from his body for a blood alcohol content test. He alleges that he remained in the hospital until September 24, 1961, at which time he was discharged. He further alleges that he was placed under arrest at 7:00 p.m. on September 27, 1961 and was arraigned on a charge of driving while intoxicated as defined by subdivision 2 of .section 1192 of the Vehicle and Traffic Law.
The difficult question of law which defendant raises and which he claims would have far-reaching effect is, whether or not, the blood alcohol content test is admissible in the trial of the criminal charge.
The law set forth and codified in subdivision 3 of section 1192 of the Vehicle and Traffic Law states that “ the court may admit evidence of the amount of alcohol in the defendant’s blood taken within two hours of the time of the arrest ”.
The People do not challenge the factual situation but claim that it is not such a difficult question of law that the Court of Special Sessions could not competently handle on the trial.
The admission into evidence of the results of a blood alcohol content test is statutory and must be strictly complied with. It is obvious that if the defendant is correct in his allegations as to the time of his arrest, a blood sample taken more than two hours either before or after his arrest would be inadmissible into evidence. It may well be that a strict construction of the statute would necessitate an arrest first before the test is taken. This question is not now before the court and is not passed upon.
While in a case of driving while intoxicated a conviction may be had on proper evidence, exclusive of a blood content test, such a test is required to sustain a conviction of driving while one’s ability is impaired which may or may not be involved in the present case, depending upon the results of the test and other evidence.
In such a difficult situation, and in the absence of clear precedent to guide the Trial Justice, it seems unfair to require a lay jurist to pass upon this question. In addition, it may be prejudicial to the defendant to have such question of admissibility of evidence discussed in the presence of a jury on the trial.
Without questioning in any way the complete fairness and impartiality of either the Trial Justice, who is well recognized as an able and concientious jurist, or of the District Attorney’s staff, the novel and somewhat difficult question of law presented in this case appears to warrant its transfer to the Grand Jury. Application granted.