John H. Galloway, Jr., J.
This is an application by defendant pursuant to section 57 of the Code of Criminal Procedure for an order certifying that the charge herein of disorderly conduct under subdivision 1 of section 722 of the Penal Law be removed from the Police Justice Court of the Village of Ossining and be prosecuted by indictment in this court.
The defendant, a youth of 18 years of age, is charged in an information with a violation of subdivision 1 of section 722 of the Penal Law, in that with intent to provoke a breach of the peace or whereby a breach of the peace might be occasioned, did use offensive, disorderly, threatening, abusive or insulting language, conduct or behavior of the character therein specifically described.
Defendant claims that the charge arose out of an alleged dispute at a high school dance sponsored by an adjunct of the parent teacher organization of the village’s school system. He cites a number of headlines and articles which have appeared in the local newspaper (The Citizen Register) subsequent to the incident, which he contends reflect a hostile atmosphere which pervades the community of Ossining, and claims that this case arises out of community racial tensions, from all of which he infers that a trial of the charges in the local court could well affect the future of this defendant and that the court’s decision therein may be far-reaching in its effect and become a precedent which would regulate a matter of general interest.
The District Attorney opposes the application, urging that the charges of disorderly conduct constitute an offense and not-a misdemeanor or other crime; that the express language of section 57 of the code authorizes the removal only of crimes (felonies and misdemeanors).
Disorderly conduct as defined by section 722 is not designated as a crime, but as an offense. Section 56 of the code lists a number of misdemeanors, offenses, violations of ordinances and infractions that are in the first instance within the exclusive jurisdiction of Courts of Special Sessions outside the City of New York, subject to the power of removal provided for in section 57. The offense of disorderly conduct as defined by section 722 is one of the matters so listed. Disorderly conduct as defined in section 722 of the Penal Law was added to section 56 of the code by chapter 313 of the Laws of 1936. At that time *716 the opening paragraph of section 56 of the code used only the term “ misdemeanors ”. However, by chapter 368 of the Laws of 1948, the opening paragraph of section 56 was amended to include “ offenses, violations of ordinances and infractions ”, while still retaining the word “ crimes ” in section 57, providing for the removal of charges pending in Courts of Special Sessions.
Mr. Presiding Justice Postee of the Appellate Division, Third Department (now an Associate Judge of the Court of Appeals) said in Matter of Erway v. MacAffer (282 App. Div. 287, 290) : ‘1 This we conclude was clear legislative recognition of a distinction between crimes and offenses.” In that case a unanimous court annulled the certificate of a Supreme Court Justice permitting the removal under section 57 of the code of a disorderly conduct case under section 722 of the Penal Law from a Police Justice’s Court for prosecution .by indictment.
On the authority of Matter of Erway v. MacAffer (supra) we hold that this court does not have authority to remove this case under section 57 of the Code of Criminal Procedure inasmuch as the violations with which this defendant is charged under subdivision 1 of section 722 of the Penal Law are offenses and not crimes (People v. Rasmussen, 29 Misc 2d 70, 74).
We have considered the arguments and the authorities submitted by the defendant in support of this application, but we find that the authorities cited are not controlling either on their facts or on the. law in face of the authorities herein cited. Accordingly the application is denied.