John J. Walsh, J.
Defendant moves for an order certifying that it is reasonable that certain charges pending in the Utica City Court be prosecuted by indictment.
The affidavit of counsel for the defendant is that he is a member of the law firm, of which his brother is not only a partner, but also an Assistant Corporation Counsel of the City of Utica.
The charges pending against the defendant in the Utica City Court include disorderly conduct (Penal Law, § 722, subd. 1), obstructing a peace officer in discharging his duties (Penal Law, § 1851), and malicious mischief (Penal Law, § 1433, subd. 2).
Insofar as the disorderly conduct charge is concerned, there is no provision for the transfer of such a case to the Grand Jury. (People v. Rasmussen, 29 Misc 2d 70, app. dsmd. sub nom. People v. Downing, 14 A D 2d 822, 823.)
The reason given by defense counsel for asking such transfer is that ‘ ‘ Because of the possibility of collusion and a conflict of interest which may result out of my defending any actions in this City Court, it has been decided by all concerned that I, John A. Longeretta defend no actions in City Court where the prosecutor would be an Assistant Corporation Counsel. ’ ’
Defendant’s counsel contends that because of this “ the defendant herein would be denied his right to have counsel of *415 his own choosing defending him in the criminal matters hereinabove mentioned. ’ ’
The leading case on the subject of the grounds for which a transfer to a Grand Jury might be proper is People v. Rosenberg (59 Misc. 342) followed in People v. Ashby (31 Misc 2d 707) and People v. Pritchard (Oneida County Ct., 1961).
These reasons are:
1. The case presents intricate and complicated questions of fact.
2. That the case presents difficult questions of law.
3. That a property right is involved.
4. That a decision may be far-reaching in its effect and may become a precedent which will regulate a matter of general interest.
5. That the case is of exceptional character, and that the defendant, for some special reason, cannot have a fair trial in the Court of Special Sessions.
While our courts are especially solicitous of protecting the rights of a defendant guaranteed by the Constitution and particularly of the right to counsel, the moving papers do not show any deprivation of that right by the lower court.
The defense counsel has voluntarily agreed not to represent any defendant in a criminal case in the Utica City Court because of his relationship to his brother. In this respect he is to be commended. But this court cannot subscribe to a theory that because counsel has removed himself from availability for retainer in one particular court, that this constitutes a deprivation of counsel by some action of the State or its various branches.
To grant this application in this case would create a precedent for removing all cases in which a defense attorney removes himself from practicing before a particular court or Judge. The crowded condition of the Grand Jury Calendar in this county precludes such extension of its work.
Motion denied.