■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN ROCCO BRONZINO, Appellant.— Appeal by defendant from a judgment of the County Court, Suffolk County, rendered May 28, 1965, convicting him of (1) criminal negligence in the operation of a motor vehicle resulting in death, (2) operating a motor vehicle while his ability was impaired by consumption of alcohol and (3) reckless driving, upon a jury verdict, and imposing sentence. Judgment reversed on the law and a new trial ordered. The findings of fact below have not been considered. Under the second count of the indictment, defendant was charged with operating a motor vehicle while intoxicated, in violation of subdivision 2 of section 1192 of the Vehicle and Traffic Law. The People's proof in support of this charge consisted of an alleged admission by defendant to a police officer that he had been drinking and the opinion of four witnesses that, based on their observations of defendant after the accident, they thought he was drunk. The trial court instructed the jury that, under the second count of the indictment, defendant could be convicted of driving while his ability was impaired. We think this was reversible error. In the absence of a showing by means of a chemical test that there was, within two hours of defendant's arrest, ten-hundredths of one per centum or more by weight of alcohol in his blood, he could not be convicted of driving while his ability was impaired (Vehicle and Traffic Law, § 1192, subd. 1; *Matter of Bowers* v. *Hults,* 42 Misc 2d 845, 847–848; *People* v. *Ashby,* 31 Misc 2d 707, 708; *People* v. *Pfendler,* 29 Misc 2d 339, 341; *People* v. *Wagonseller,* 25 Misc 2d 217). The trial court also instructed the jury that the unsafe condition of the tires on the automobile driven by defendant could be considered as part of his alleged recklessness or culpable negligence if they found that the condition of the tires was one of the producing causes of the accident. Defense counsel requested the court to instruct the jury that "defendant cannot be charged with the knowledge of bald tires unless the jury is satisfied that defendant knew beyond a reasonable doubt of these tires." While the language of the requested instruction was not as precise as it might have been, we think it was sufficient to have elicited an instruction that the unsafe condition of the tires could be considered on the issue of recklessness or culpable negligence only if the jury found that defendant knew of the unsafe condition. Reckless or culpably negligent conduct, as opposed to ordinary negligence, arises only "when the actor has knowledge of * * * such facts as under the circumstances would disclose to a reasonable man the dangerous character of his action, and despite this knowledge he so acts" (*People* v. *Eckert,* 2 N Y 2d 126, 130–131). Under these circumstances, a new trial is required. Ughetta, Hill, Rabin and Benjamin, JJ., concur; Beldock, P. J., dissents and votes to affirm the judgment.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT S. MARCUS, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered December 4, 1964, convicting him of obtaining property or credit by use of a false statement (Penal Law, § 1293-b), upon his plea of guilty, and imposing sentence. Defendant's main contention is that his sentence to an indeterminate term under article 7-A of the Correction Law was improper because he was incapable of reformation. Judgment affirmed (*People* v. *Watson,* 19 A D 2d 631; *People* v. *Ambrosino,* 20 A D 2d 793; *People* v. *Taylor,* 22 A D 2d 688; *People* v. *Johnson,* 24 A D 2d 499; *People* v. *Wilson,* 17 N Y 2d 40). Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.