MATTER OF ALFONSO-BERMUDEZ

In Deportation Proceedings

A-12366552

*Decided by Board May 11, 1967*

(1) Conviction of disorderly conduct in violation of section 647(a) of the Penal Code of California is conviction of a crime involving moral turpitude [*Matter of G—R—*, 5 I. & N. Dec. 18, distinguished].

(2) Conviction of disorderly conduct in violation of chapter 27, section 60, of the Code of the City of Phoenix, Arizona, is conviction of a crime involving moral turpitude.

CHARGE:

Order: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251(a)(4)]—Convicted of two crimes involving moral turpitude.

| ON BEHALF OF RESPONDENT: | ON BEHALF OF SERVICE: |
|---|---|
| James E. Curran, Esquire | Jay Segal |
| 610 Luhrs Tower | Trial Attorney |
| Phoenix, Arizona 85003 | (Brief submitted) |

This case comes forward on certification from the special inquiry officer, who found respondent deportable as charged, and in the absence of an application for voluntary departure ordered him deported to Cuba, with an alternate designation of Panama, and granted a stay of deportation to Cuba under section 243(h).

Respondent is an unmarried male alien, a native and citizen of Cuba, who was lawfully admitted to the United States for permanent residence on or about January 12, 1962 at Miami, Florida. On July 7, 1965, after trial, in the Municipal Court of Los Angles, Judicial District of the County of Los Angeles, California, respondent was convicted of violation of subdivision (a) of section 647 of the Penal Code of California, in that on or about April 22, 1965 in Los Angeles he "did wilfully and unlawfully solicit a person and persons to engage in and did engage in lewd and dissolute conduct in a public place and in a place open to the public and exposed to public view." After a probation report, proceedings were suspended without imposition of sentence and respondent was placed on probation for one year, with certain conditions relating to employment, residence and the seeking of

225

psychiatric or psychological treatment. He was also registered under section 290 of the Penal Code as one who had been convicted of a sexual offense. The sentence included a fine of $50 which respondent paid.

On August 25, 1966 in the City Court of the City of Phoenix, Arizona, respondent was convicted of a misdemeanor in that he "on or about the 31 day of MAY, 1966, on or about the City of Phoenix, to wit: ADAMS HOTEL-MEN'S RESTROOM, did wilfully and unlawfully offer to commit a lewd or indecent act with another person, namely LT. CASSIDY, in violation of Chapter 27, section 60, of the Code of City of Phoenix." Respondent was sentenced to pay a fine of $100 plus $33 in costs.

Official records of these convictions upon which the charge in the order to show cause is based, were introduced in evidence. Respondent admits all of the allegations in the order to show cause, including those concerning conviction for these offenses, but contests deportability upon the grounds (1) that these are not crimes involving moral turpitude, and (2) that the conviction in Phoenix, Arizona is invalid because the ordinance under which it was framed is unconstitutional and one which the municipality of Phoenix was without power to enact.

The special inquiry officer ruled correctly that the constitutionality of a statute cannot be adjudicated in an administrative deportation proceeding. Unless the conviction had been set aside, or there was a court ruling that the statute upon which it was based was unconstitutional, it was properly accepted at face value. Further, conviction under a city ordinance is considered conviction of a crime for the purposes of section 241(a)(4); *Matter of W—*, 4 I. & N. Dec. 401.

We concur also in the finding of the special inquiry officer that the two convictions, although based upon a similar type of activity, are not crimes arising out of a single scheme of criminal misconduct.

The special inquiry officer has discussed at considerable length the background of section 647(a) of the California Penal Code. This is a recently amended section, replacing section 647.5 which, in *Matter of G-R-*, 5 I. & N. Dec. 18, was held to define a crime not involving moral turpitude. However, the predecessor statute (section 647.5) was one of different import, decreeing that the performance of specific acts would render a person a vagrant, and punishing the status of vagrancy. In *Matter of G-R-* above cited, it was held by the Assistant Commissioner, and affirmed by the Board, that the crime of vagrancy under section 647.5 in California was not one involving moral turpitude. The present section defines certain acts as disorderly conduct, and punishes the commission of those acts. The specific act here in-

226

volved, the soliciting of a person or persons to engage in, and the engaging in lewd and dissolute conduct in a public place, referring to overt and public homosexual activity, has been the subject of many similar statutes in other states. It is closely related both in wording and content to section 722(8) of the Penal Code of the State of New York which has been held to involve moral turpitude. *United States* v. *Flores-Rodriguez*, 237 F.2d 405 (2d Cir., 1956); *Babouris* v. *Esperdy*, 269 F.2d 621 (2d Cir., 1959), cert. den. 362 U.S. 913 (1960); see other cases and statutes cited by the special inquiry officer at page 6 of his opinion. The conviction in Phoenix rests upon similar activity, similarly defined by the Phoenix code. We, therefore, hold with the special inquiry officer that both crimes here are crimes involving moral turpitude.

A substantial part of the hearing and the special inquiry officer's decision are concerned with respondent's application for a stay of deportation under section 243(h). It appears well established that respondent and his family are and have been anti-Communist and opposed to the Castro government in Cuba. His parents had a business which was confiscated by Castro and they were finally able in 1966 to leave Cuba. One of his sisters is already in the United States with her husband and child and another sister and her husband are trying to leave Cuba.

Respondent gave considerable testimony as to his anti-Castro activities while he was in Cuba and the difficulties he had in leaving Cuba. Combining the testimony herein with the administrative notice taken by the special inquiry officer of the type of government existing in Cuba, and noting also the absence of any evidence by the Government in opposition to respondent's application, we believe the special inquiry officer was correct in granting the respondent's application for withholding of deportation to Cuba under section 243(h).

**ORDER:** It is ordered that the decision of the special inquiry officer be and the same is hereby affirmed.