NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 25 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CARLOS ENRIQUE CONTRERAS RIVAS,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.   20-73031

Agency No. A071-520-267

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 15, 2024
Pasadena, California

Before:  COLLINS, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

Carlos Enrique Contreras Rivas, a citizen of Guatemala, petitions for review

of a decision of the Board of Immigration Appeals ("BIA") affirming a decision by

an Immigration Judge ("IJ") denying his applications for asylum, withholding of

removal, protection under the Convention Against Torture ("CAT"), cancellation

of removal, and special rule cancellation of removal under the Nicaraguan

---

*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Adjustment and Central American Relief Act ("NACARA"). We have jurisdiction under 8 U.S.C. § 1252. We deny in part and dismiss in part.

1. "We review the agency's factual findings, including credibility determinations, for substantial evidence." *Dong v. Garland*, 50 F.4th 1291, 1296 (9th Cir. 2022) (citing *Kumar v. Garland*, 18 F.4th 1148, 1153 (9th Cir. 2021)). We defer to the agency's factual findings unless "any reasonable adjudicator would be compelled to conclude to the contrary based on the evidence in the record." *Singh v. Garland*, 57 F.4th 643, 651 (9th Cir. 2022) (quoting *Aden v. Wilkinson*, 989 F.3d 1073, 1079 (9th Cir. 2021)).

Contreras claims that the agency did not give him an opportunity to explain certain inconsistencies in his testimony and failed to give specific and cogent reasons for rejecting the explanations he did provide.[1] *See Jie Cui v. Holder*, 712 F.3d 1332, 1336 (9th Cir. 2013); *Campos-Sanchez v. INS*, 164 F.3d 448, 450 (9th Cir. 1999). But the record demonstrates that the agency provided Contreras with multiple opportunities to explain inconsistencies in his testimony and that it provided specific, cogent reasons for its adverse credibility determination. For example, Contreras testified inconsistently about whether he was a member of *Organización del Pueblo Armado* ("ORPA") and *Ejército Guerrero de los Pobres*

---

[1] Although Contreras also claims that the BIA applied the wrong standard of review, this claim is not supported by the record.

2

("EGP") and his level of participation in those groups. The IJ reasonably found his "equivocating" testimony and proffered explanations unconvincing. *See Aguilar Fermin v. Barr*, 958 F.3d 887, 892 (9th Cir. 2020). These inconsistencies went to the heart of his claim of persecution based on political opinion, and are therefore sufficient to support the agency's adverse credibility determination.[2] *See Singh v. Gonzales*, 439 F.3d 1100, 1108 (9th Cir. 2006), *overruled on other grounds by Maldonado v. Lynch*, 786 F.3d 1155 (9th Cir. 2015).

2. Contreras argues that: (1) the phrase "crime involving moral turpitude" ("CIMT") is unconstitutionally vague; (2) California Penal Code Section 647(a) lacks the requisite *mens rea* and harm to a victim to constitute a CIMT; and (3) the BIA's application of *Matter of Alfonzo-Bermudez*, 12 I. & N. Dec. 225 (BIA 1967), to Contreras was impermissibly retroactive. We lack jurisdiction to review a final order of removal based on a petitioner's conviction of a CIMT but retain jurisdiction to determine whether a petitioner's conviction is in fact a CIMT as defined in the INA. *Betansos v. Barr*, 928 F.3d 1133, 1137 (9th Cir. 2019).

---

[2] With the exception of his application for cancellation of removal under 8 U.S.C. § 1229b, Contreras filed his applications for relief before the passage of the REAL ID Act. Accordingly, we apply pre-REAL ID Act legal standards to any such claims. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 n.2 (9th Cir. 2014). Because the adverse credibility determination is dispositive of Contreras's claims for asylum and withholding of removal, we do not reach the parties' arguments about the material support bar issue. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003); *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam).

First, the phrase "crime involving moral turpitude" is not unconstitutionally vague. *Jordan v. De George*, 341 U.S. 223, 231–32 (1951); *Islas-Veloz v. Whitaker*, 914 F.3d 1249, 1251 (9th Cir. 2019).

Second, the BIA has determined that a violation of Section 647(a) is a CIMT. *Alfonzo-Bermudez*, 12 I. & N. Dec. at 227. The BIA's determination was reasonable. *Cf. Betansos*, 928 F.3d at 1138–42. We therefore must defer to it. *See id.* at 1141–42; *Marmolejo-Campos v. Holder*, 558 F.3d 903, 910–11 (9th Cir. 2009) (en banc).

Third, applying, as we must, the test we adopted in *Montgomery Ward & Co., Inc. v. FTC*, 691 F.2d 1322, 1333 (9th Cir. 1982), we conclude that the BIA's decisions in *Alfonzo-Bermudez* and *Matter of Cortes Medina*, 26 I. & N. Dec. 79 (BIA 2013), through our decision in *Betansos*, apply retroactively to Contreras.[3]

The first factor of the *Montgomery Ward* test—whether the case is one of first impression—does not apply in the immigration context. *Reyes v. Garland*, 11 F.4th 985, 992 (9th Cir. 2021). The second and third factors—whether the new rule

---

[3] Contreras argues that the government has effectively waived the argument that *Betansos* has an impermissibly retroactive effect upon Contreras by failing to address this point in its answering brief. In its brief, the government argued that "Contreras provides no compelling reason for his argument that the [BIA] unreasonably applied its own precedent, particularly where, as both the [BIA] noted and Contreras admits, the decision remains good law and was lawful precedent at the time of the [BIA's] decision." We find that the government did not waive the issue.

is an abrupt departure from well-established practice, and the extent to which the party against whom the rule is applied relied on the former rule—do not favor Contreras. *See Garfias-Rodriguez v. Holder*, 702 F.3d 504, 521 (9th Cir. 2012) (en banc). Although "a petitioner's expenditure of fees in reliance on favorable, well-settled precedent may constitute a sufficient reliance interest," our decision in *Nunez v. Holder*, 594 F.3d 1124 (9th Cir. 2010), was not "well-settled precedent" at the time Contreras filed his appeal because the BIA's decision in *Cortes Medina* directly conflicted with it. *Betansos*, 928 F.3d at 1145. He thus does not have a sufficient reliance interest. The fourth factor—the degree of burden imposed by a retroactive application of the rule—favors Contreras, as "deportation alone is a substantial burden that weighs against retroactive application of an agency adjudication." *Id.* (quoting *Garfias-Rodriguez*, 702 F.3d at 523). But the fifth factor—statutory interest in applying the new rule—weighs in favor of the government because "non-retroactivity impairs the uniformity of a statutory scheme, and the importance of uniformity in immigration law is well established." *Id.*

Because the balance of the *Montgomery Ward* factors weighs against Contreras, the BIA's decisions in *Alfonzo-Bermudez* and *Cortes Medina*, through our decision in *Betansos*, apply retroactively to him.

3. Contreras argues that the agency impermissibly found that he failed to

establish that he was a registered ABC class member. The BIA found that there was no evidence other than Contreras's testimony that he was a registered ABC class member. Because this is "a purely factual issue over which this court lacks jurisdiction," we dismiss this part of the petition. *Ixcot v. Holder*, 646 F.3d 1202, 1214 (9th Cir. 2011) (quoting *Molina Jerez v. Holder*, 625 F.3d 1058, 1069 (8th Cir. 2010)).

4. Contreras forfeited review of his claim for CAT protection by not presenting any argument in his briefs regarding that claim. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022).

**DENIED in part and DISMISSED in part.**[4]

---

[4] We grant the Florence Immigrant and Refugee Rights Project's motion for leave to file an amicus brief, Dkt. No. 38. We deny Contreras's motion for judicial notice, Dkt. No. 34, as moot.